Lucy Feneck et al. *v.* Paul A. Nowakowski

Baldwin, King, Murphy, Mellitz and Shea, Js.

Argued April 15—decided May 26, 1959

*Carlos B. Ellis,* for the appellant (defendant).

*Israel Poliner,* with whom, on the brief, was *Myron J. Poliner,* for the appellees (plaintiffs).

MURPHY, J. The plaintiffs leased to the defendant a store at 202 Main Street, Middletown, for five years from August 1, 1951, at an annual rental of $3000, payable in advance in monthly instalments of $250 each. Under the written lease executed by the parties, it was provided that the lease would terminate if the rent remained unpaid for ten days after it became payable and that the lessor could, without re-entry, recover possession of the premises in the manner prescribed by the statute relating to summary process, notice to quit possession being expressly waived by the lessee. In October, 1955, the plaintiffs instituted an action of summary process against the defendant for nonpayment of rent and recovered a judgment under which the defendant was evicted from the premises. Thereafter, the plaintiffs commenced the present action for recovery of the rent due and owing under the lease. From a judgment for the plaintiffs to recover $4500, the full

amount of the rent payable, under the terms of the lease, to the expiration date on July 31, 1956, the defendant has appealed.

The sole question determinative of this appeal is the effect upon the lease of the action of the plaintiffs in evicting the defendant under the summary process judgment. The defendant is only entitled to a correction in the finding as to the date of the eviction. He paid the rent as provided in the lease through April 30, 1954, but thereafter was always in arrears. In June, he paid the rent for May. From that time until the summary process action was started, a total of $1500 additional rent was paid. The defendant was also credited with a payment of $500 which had been deposited with the plaintiff when the lease was executed as security for the payment of rent and for application to the payment of rent at the termination of the lease.

By virtue of the precise wording of the statute relating to summary process, § 52-532 of the 1958 Revision, that remedy is available only when there is a lease and it has been terminated. The purpose of the action is to enable the landlord upon such termination to recover possession from the tenant. *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 600, 96 A.2d 217. The judgment in the summary process action effectively terminated the lease. *Hamre* v. *Michael Etzel & Sons, Inc.,* 120 Conn. 129, 137, 179 A. 647; *Hermitage Co.* v. *Levine,* 248 N.Y. 333, 336, 162 N.E. 97; *Hinsman* v. *Marble Savings Bank,* 104 Vt. 40, 42, 156 A. 874. The election of the lessor to terminate the lease for nonpayment of rent and the eviction of the lessee put an end to the tenancy and released the lessee from the payment of any rent under the lease after he was ousted from the premises on November 30, 1955. *Sutton* v. *Good-*

*man,* 194 Mass. 389, 395, 80 N.E. 608; *Gardiner* **v.** *William S. Butler & Co.,* 245 U.S. 603, 605, 38 S. Ct 214, 62 L. Ed. 505; *Galbraith* v. *Wood,* 124 Minn. 210, 216, 144 N.W. 945; 32 Am. Jur. 848, § 1014; 1 Tiffany, Landlord & Tenant, p. 1174; 1 Underhill, Landlord & Tenant, p. 629. The plaintiffs were not entitled to recover for rent from December 1, 1955, through July 31, 1956. The rent from June 1, 1954, through November 30, 1955, amounted to $4500, upon which the defendant had paid $2000 in instalments and by deposit. The plaintiffs are entitled to judgment for $2500.

There is error in the amount of the judgment only, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiffs to recover $2500 in damages.

In this opinion the other judges concurred.