## MILLINGTON REALTY CORPORATION *v.* NATHAN C. FRANKEL

### APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 9-688-5182

Argued June 2—decided August 1, 1969

*Philip M. Finkelstein,* of Hartford, for the appellant (defendant).

*William S. Herrmann, Jr.,* of Stamford, for the appellee (plaintiff).

DEARINGTON, J. The plaintiff sought possession of certain premises, on the ground of nonpayment of rent, in accordance with § 52-532 of the General Statutes. The defendant denied the allegations and by way of a special defense claimed that he was an

employee of the plaintiff and as part consideration the plaintiff agreed to the occupancy without the payment of rent. Judgment having been rendered for the plaintiff, the defendant has appealed, assigning several errors, only one of which, however, is pursued in his brief. We therefore treat the remaining assignments as having been abandoned. *State v. Jones,* 124 Conn. 664, 665; Maltbie, Conn. App. Proc. § 327.

The plaintiff filed a motion to dismiss the appeal for the reason that a surety bond filed by the defendant was not in compliance with § 52-542 of the General Statutes. This matter was not seriously argued, the motion is denied, and the case is decided on its merits as argued in this court. The sole issue raised by the defendant is whether in a summary process action for nonpayment of rent the relationship of landlord and tenant is an essential element; that is, must a contractual relationship arising out of a lease be shown? The defendant claims that the plaintiff neither alleged nor showed that a lease existed between the parties.

The finding discloses that the plaintiff owned certain premises which had been occupied by the defendant with the permission of the plaintiff. There was no lease agreement, either oral or in writing. On June 14, 1968, the plaintiff notified the defendant that rent would become effective, commencing June 18, at the rate of $200 a month. The defendant continued in possession but refused to pay the rent, and on July 26, 1968, a notice to quit possession on or before August 1 was served on him pursuant to § 52-532. The time designated in this notice had expired, but the defendant continued in possession. The court concluded that the plaintiff was entitled to recover possession and rendered judgment accordingly.

In the beginning, it was conceded by the defendant that the plaintiff was the owner of the premises occupied by him, that on June 14, he received notice that the rent would be $200 a month, and that he continued his occupancy without paying rent. He contends that a landlord-tenant relationship was not alleged in the complaint and that none existed; without it, he argues, the plaintiff could not succeed on the ground of nonpayment of rent.

Prior to 1958, the law relating to summary process was comparatively simple. Under the former law, the only basis of a summary process proceeding was that the lease had terminated. *Davidson* v. *Poli,* 102 Conn. 692, 695. "It has always been the policy of our law to limit the issues in an action of summary process to a few simple ones within the express scope of the statutory provisions." *Webb* v. *Ambler,* 125 Conn. 543, 550. Consideration of issues other than nonpayment of rent was permissible, but only as they were relevant to the issue of termination. Ibid. Summary process under the former statute would not lie unless a lessor and lessee relationship existed. *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 603. The essential issue was a lease between the parties and that it had terminated. *Feneck* v. *Nowakowski,* 146 Conn. 434, 436.

In 1958 the statute, Rev. 1949 § 8274, was revised and § 52-532 was enacted. The revision provides in brief that when a lease "terminates by lapse of time, or by reason of any expressed stipulation therein, . . . or where such premises, or any part thereof, is occupied by one who has no right or privilege to occupy such premises, or where one originally had the right or privilege to occupy such premises but such right or privilege has terminated, and the owner . . . desires to obtain possession or occupancy of the same, at the termination of the lease,

if any, or at any subsequent time, he or they shall give notice to the lessee or occupant . . . to quit possession or occupancy . . . ." The required procedure is then set forth. Thus, the essential elements required to recover possession on the termination of a lease for nonpayment of rent are the same under the revision as under the former statute. The provisions of the revision are, however, extended to embrace situations wherein the premises are occupied by one who has no right of occupancy or, if he originally had such a right, it has terminated and the owner seeks to obtain possession. Such a situation was neither alleged nor shown in the case at bar.

The sole ground for possession alleged in the plaintiff's complaint was nonpayment of rent, and the case was tried on that theory. Such an allegation could only be based on the ground that there was a lease and it had terminated by reason of nonpayment of rent. *Feneck* v. *Nowakowski,* supra. But the plaintiff did not allege a lease, nor did the court find that a relationship of lessor-lessee existed between the parties. The plaintiff contends that with notice that rent would become effective a landlord-tenant relationship came into existence, and that the defendant, by remaining in occupancy, accepted the terms of a lease by implication. We do not understand this to be our law. It is true that if a landlord specifies terms for the future occupancy, the continuance in possession might be construed as an acceptance of such terms and an implied contract might come into existence. *Welk* v. *Bidwell,* 136 Conn. 603, 607. "But if there had actually been no meeting of the minds either because of ambiguity or uncertainty in negotiations or because the negotiations had not been completed, then, of course, there could have been no contract. . . . If a tenant remains in possession without the consent of the land-

lord, there is no contract for an extended term to be implied from the holding over. . . . A fortiori, where the parties are in definite dispute as to any of the essential terms of a new tenancy, certainly no new lease can be implied from the fact that the tenant holds over." Ibid.; see *Cohn* v. *Fennelly,* 138 Conn. 474, 476. Since the plaintiff alleged nonpayment of rent as its sole ground for relief, the burden was upon it not only to show a lease but also to show that the lease had terminated for nonpayment of rent. *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* supra, 600. Whether the defendant was a tenant at sufferance becomes academic in our treatment of the matter; however, see *Welk* v. *Bidwell,* supra, for obligations of such a tenancy. In the case at bar, the plaintiff failed to prove a lease or other contractual obligation, an essential element under its complaint. This is not to say that possession might not be sought under some other part of § 52-532.

The plaintiff has requested us to take judicial notice of an action claimed to be pending in the Superior Court in Middlesex County between the defendant and the plaintiff, in which action, the plaintiff contends, the defendant is pursuing claims inconsistent with those asserted in the instant case. The plaintiff cites no case which would give this court authority to take judicial notice of a matter pending in the Superior Court. A trial court may take judicial notice of a file in a proper case in the same court, and the Supreme Court may take judicial notice of the files of the Superior Court; *Guerriero* v. *Galasso,* 144 Conn. 600, 605; and of records in the Court of Common Pleas. *Bock* v. *Meriden Trust & Safe Deposit Co.,* 135 Conn. 94, 98. The Appellate Division of the Circuit Court, however, is precluded from taking judicial notice of the records or files of any action pending in a trial court other than the Circuit Court, unless those records or files

are properly a part of the record certified to this court.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion KOSICKI and KINMONTH, Js., concurred.