[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION TO REARGUE; MOTION TO OPEN JUDGMENT, #113
FACTS
The facts of this case are recited in the court's memorandum of decision, #111, and reference is made thereto. The plaintiff, Dainty Rubbish Services, Inc., and the defendant, Beacon Hill Association, entered into a contract whereby the defendant would pay the plaintiff for trash removal services. The defendant subsequently terminated the contract and the plaintiff brought the present action alleging that the termination constituted a breach of the contract.
DISCUSSION
 The principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice Book Sec. 326 vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation. [Citations omitted.]
Hirtle v. Hirtle, 217 Conn. 394, 398, 586 A.2d 578 (1991) (footnote omitted).
 Practice Book Sec. 326 provides, in relevant part: "SETTING ASIDE OR OPENING JUDGMENTS. Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the CT Page 6943 date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court."
 General Statutes Sec. 52-212a is virtually identical in language to Practice Book Sec. 326.
Id., 398 n. 4.
 "It is well recognized that `[t]he opening . . . of a judgment . . . is at the legal discretion of the court. Tyler v. Aspinwall, 173 Conn. 483, 47 A. 755 [1901]. . . . . [I]t "is not to be granted readily, nor without strong reasons". . . . Wildman v. Wildman, 72 Conn. 262, 270, 44 A. 244 [1989].' McCulloch v. Pittsburgh Plate Glass Co., 107 Conn. 164, 167, 140 A. 114 (1927). `The motion should not be granted merely to allow the court to reconsider its decision on the facts and its exercise of discretion. The motion should indicate that the moving party is prepared to introduce some new matter not before the court at the time of its original decision.' 2 Stephenson, Conn. Civ. Proc. (2d Ed.) Sec. 207, p. 863; see Felton v. Felton, 123 Conn. 564, 569, 196 A. 791 (1938)." F W Welding Services, Inc. v. Pen-Smith, Inc., 38 Conn. Sup. 455, 458-59, 451 A.2d 286 ([App. Sess.] 1982).
Breen v. Breen, 18 Conn. App. 166, 172, 557 A.2d 140 (1989); see also K. A. Thompson Electric Co. v. Wesco, Inc.,24 Conn. App. 758, 759, 591 A.2d 822 (1991) (within inherent power of court to entertain a motion to reargue after the rendition of judgment).
The plaintiff first argues that the court misinterpreted the terms of the contract between the plaintiff and the defendant. The court held that the contract was ambiguous, that the ambiguous terms should be construed against the plaintiff because the plaintiff drafted the contract, and that the contract allowed the defendant to terminate the contract at any time during the contract period upon providing sixty days notice to the plaintiff. The plaintiff argues that the contract is not terminable for five years CT Page 6944 or, alternatively, that notice of termination must be received sixty days before the anniversary date.
The plaintiff's interpretations of the contract are plausible, but not the only plausible interpretations of the contract. "It is a general rule of construction that whenever two interpretations of a contract seem equally possible, the language will be construed against the party responsible for its inclusion." Mongillo v. Commissioner,214 Conn. 225, 231, 571 A.2d 112 (1990) (citations omitted). The contract was drafted by the plaintiff and it is ambiguous as to the defendant's power to terminate. Accordingly, the plaintiff has provided no strong reason why the court should not affirm its prior interpretation of the contract.
The plaintiff also challenges the court's finding that the contract was unenforceable because there was no meeting of the minds. The plaintiff argues that when a written contract is in question, a different standard pertains to the issue of a lack of mutual understanding between the parties. When the terms of an oral or written contract are in dispute, however, there may be no mutual assent or meeting of the minds. Gillis v. Gillis, 21 Conn. App. 549,552, 575 A.2d 230 (1990). Accordingly, the plaintiff has provided no strong reason why the court should not affirm this finding.
The plaintiff next challenges the court's finding that the contract was one of adhesion. The plaintiff argues that contracts of adhesion are ordinarily insurance contracts or lengthy financial agreements. The plaintiff points out that the contract involved in the present case is three letter-sized pages and double spaced. The plaintiff also points out that the defendant was able to insert a handwritten amendment to the contract on the bottom of one of the pages.
Insurance contracts are merely examples of contracts of adhesion, however, and are not the only contracts which may be so classified. Aetna Casualty Surety Co. v. Murphy, 206 Conn. 409, 416, 538 A.2d 219 (1988). The most salient feature of contracts of adhesion "is that they are not subject to the normal bargaining processes of ordinary contracts." Id. (citations omitted). The court was aware of the handwritten amendment made by the defendant; (Memorandum of Decision, #111, p. 9.); and of the overall dimensions of the contract yet the court nevertheless found that "the terms of [the contract] were not subject of bargaining." (Memorandum of Decision, #111, p. 8.) The court further found CT Page 6945 that the bargaining positions of the parties were greatly disparate and noted that the plaintiff had been in the trash removal business for twenty-five years and had negotiated many contracts over the years whereas this was the first contract ever signed by the president or the defendant. (Memorandum of Decision, #111, p. 8.) The plaintiff has provided no strong reason why the court should not affirm this finding.
The plaintiff also challenges the court's finding that the plaintiff failed to mitigate its damages. The court found that the plaintiff had failed to show that its dumpsters were not in use elsewhere or that its total business was reduced. The plaintiff points out that the president of the plaintiff testified that it always has extra containers available. The plaintiff further points out that it did attempt to renegotiate the contract after the defendant had sent its notice of termination.
When a party is under a duty to mitigate damages, the party must "`make reasonable efforts' to minimize damages; [citation omitted]; . . . . What constitutes reasonable efforts is a question of fact for the trier." Rokalor, Inc. v. Connecticut Eating Enterprises, Inc.,18 Conn. App. 384, 390, 558 A.2d 265 (1989), citing Danpar Associates v. Somerville Mills Sales Rooms, Inc., 182 Conn. 444,446, 438 A.2d 708 (1980). Accordingly, the court affirms this finding because the plaintiff has provided no strong reason that it was improper for the court to find that the efforts made by the plaintiff to minimize its damages were not reasonable under the circumstances.
The court denies the Plaintiffs motion to open the judgment.
The court affirms its prior decision.
AUSTIN, J.