[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action for breach of lease plaintiff seeks to recover unpaid rent and associated fees and costs arising out of defendants' alleged breach of lease. Defendants' special defenses allege that they were denied the quiet enjoyment of the premises; were constructively evicted; and not liable because plaintiff repudiated the lease. In their counterclaim defendants also seek to recover the cost of moving and improvements.
The following facts were established at trial. In February, 1990, the parties entered into a lease for the premises at 75 Fairfield, West Hartford. The term of the lease was one year, from March 1, 1990 through February 28, 1991. CT Page 8791 Prior to entering the lease defendants were renting a condominium that was actively being marketed for sale by the owner and decided, because of Mrs. Taub's pregnancy, that they needed the stability and certainty of a year long lease. After careful consideration defendants decided to lease a house owned by plaintiff as an investment property. The house is in an excellent location and in good repair.
In mid to late May — approximately three months into the lease — plaintiff determined that he would have to sell the house because of apparent financial pressures. Shortly thereafter he notified Mr. Taub that the house would be placed on the market. At a meeting in early June with Mr. Taub, plaintiff indicated that another house in the neighborhood had recently sold in twenty to thirty days and that he anticipated that his house would be sold in a like amount of time. The defendants were advised that they would have to vacate shortly, and as an incentive, plaintiff offered to pay for defendant's moving expenses. Plaintiff also suggested that defendants could purchase the house instead of moving. Defendants declined to make an offer on the house and rejected plaintiff's offer that he pay for their moving expenses.
The defendants understandably were dismayed by plaintiff's decision to sell the house and the prospect that they would shortly have to move. Their anxiety was heightened by the fact that Mrs. Taub had recently given birth to a premature baby and by the interruptions and intrusions they encountered from agents showing the house to prospective buyers. Believing that they would be forced to move when a sale was completed and unable to any longer endure the loss of privacy and quiet enjoyment of the house because of the active marketing done by the agency, the defendants concluded that they were being forced to move. Consequently on July 3 they informed plaintiff that they would be vacating the premises on the last day of July. Defendants did not pay rent for July or August and did not pay for certain other expenses including landscaping fees.
"[A] lease is a contract and the `rules applying to contracts generally with respect to breach . . . apply to leases as well as contracts'. It is a general rule of contract law that a total breach of the contract by one party relieves the injured party of any further duty to perform further obligations under the contract." Rokalor, Inc. v. Connecticut CT Page 8792 Eating Enterprises, Inc., 18 Conn. App. 384, 391 (1989); see also, Batter Building Materials Co. v. Kirschner, 142 Conn. 1,10 (1954) ("[R]epudiation or total breach of contract . . . may relieve the injured party from further fulfillment of his contractual obligations.").
In this case the court concludes that plaintiff clearly and unequivocally repudiated the lease by indicating to defendants that they would have to vacate the premises within a brief period of time. While plaintiff rejects this version of events, the court is required, in its sound discretion, to evaluate the credibility of the witnesses. In this case, the court, without hesitation, credits the testimony of the defendants. Even if plaintiff did not explicitly direct the defendants that they would be required to vacate, it is clear that the defendants reasonably concluded based on all of the information then available to them, that their only alternative was to either vacate or accept plaintiff's offer to sell the house to them. Put in those terms, plaintiff's actions still constituted a repudiation of the lease.
Accordingly, judgment for the defendants.
ROBERT L. HOLZBERG, J.