[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action plaintiff seeks to recover unpaid rent arising out of a lease of commercial premises in West Hartford. In her counterclaim, defendant alleges that plaintiff is liable to her for the unpaid cost of items purchased by plaintiff from her and for the value of property owned by defendant which plaintiff prohibited defendant from retrieving after she vacated the premises. Defendant also alleges in her special defense that plaintiff agreed to the early termination of the lease, thereby relieving her of the obligation of paying rent for three of the months claimed by plaintiff. CT Page 9224
Based on the testimony at trial, the following facts are found. The parties entered into a one year written lease for the second floor of the commercial property owned by plaintiff. The term of the lease was from March 1, 1989, to February 28, 1990. The monthly rental was eight hundred twenty-five dollars per month. Defendant used the premises as a boutique in which she sold clothing and various accessories. She made the following purchases in order to properly outfit the store:
a. Display case $200.00
b. Items in display case 456.79
c. Custom Awning 350.00
d. Lettering on Awning 1,397.50
e. Sign 105.00
f. Alarm System 658.00
g. Lacquer table 99.12
Apparently because of financial problems, defendant failed to make a number of monthly rental payments or was late in making them. Plaintiff's proof established that defendant owes three thousand one hundred sixty dollars in unpaid rent and four hundred fifty dollars in late fees. Defendant, however, alleges in her special defense that she is not liable for all of the rent claimed by plaintiff because he agreed to an early termination of the lease. During the lease negotiations plaintiff indicated that should defendant encounter financial difficulties he would cooperate with her in trying to resolve any problems that arose in connection with unpaid rent, stating, "I am a reasonable man."
In October, 1989, having fallen behind substantially in the rent, defendant, through her husband, attempted to remove her belongings from the premises. When defendant's husband arrived he was told by plaintiff that the items he had come to retrieve could not be removed, with the exception of certain business records, because defendant owed him back rent. Based on his encounter with plaintiff, defendant's husband reasonably concluded that he was prohibited from removing his wife's CT Page 9225 inventory and fixtures. In November, 1989, defendant returned the keys to the premises to the plaintiff by dropping them in plaintiff's mailbox. Plaintiff still has possession of defendant's property.
The principal dispute in this case is whether defendant's return of the keys constituted a termination of the lease to which plaintiff acquiesced and whether plaintiff wrongfully converted defendant's property by prohibiting defendant's husband from removing them. Although plaintiff denies that the keys were returned, the court concludes that even if they were returned, thereby terminating the lease, defendant was not relieved of her obligation to pay rent for the balance of the lease term. Rokalor, Inc. v. Connecticut Eating Enterprises, Inc., 18 Conn. App. 384 (1989). Thus, defendant is liable for the unpaid rent and late charges totalling three thousand six hundred ten dollars.
By way of counterclaim, defendant seeks damages for the refusal of plaintiff to permit her or her agent to remove from the premises the items previously identified, which defendant purchased in connection with opening the boutique. Based on the evidence presented, the court concludes that plaintiff wrongfully refused to return defendant's merchandise and materials and therefore is liable for the damages arising out of the conversion of those materials. "Conversion occurs when one without authorization, assumes and exercises the right of ownership over property belonging to another, to the exclusion of the owner's rights. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm." Epstein v. Automatic Enterprises, 6 Conn. App. 484
(1986) (cites omitted).
The measure of damages in a conversion action is either the fair market value of the goods, or "in the case of goods having a special and peculiar value to the owner, then full compensation requires that he recover `the value to him based on his actual money loss, all the circumstances and conditions considered, resulting from his being deprived of the property.'" Id., 490. Under either approach, defendant is entitled to damages in the amounts specified by her, namely $3,299.26. Additionally, she is entitled to damages in the amount of ninety-seven dollars for the cost of crystal purchased, but not paid for by plaintiff. CT Page 9226
To summarize, judgment shall enter for plaintiff in the following amounts:
a. Rent, utilities and late charges $3,723.59
b. Attorney's fees at 15% 558.00
c. Costs 110.85
TOTAL $4,392.44
Judgment shall enter for defendant on counterclaim as follows:
a. Damages for conversion $3,266.41
b. Attorney's fees at 15% 494.00
TOTAL $3,760.41
Net judgment to plaintiff in the amount of $632.03.
Holzberg, J.