[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This matter is before the court in connection with plaintiff's motion for summary judgment. Plaintiff's amended complaint and affidavit in support of its motion for summary judgment allege that the parties entered into a lease in September, 1986, which was amended in November, 1986. The term of the lease was ten years, requiring defendant to pay rent and other obligations for the lease of commercial property in a shopping center in Newington. In January, 1991, defendant informed plaintiff of its intention to vacate the premises, which in fact occurred in March, 1991. In this action plaintiff seeks to recover the arrearage which accrued prior to defendant vacating the premises as well as future unpaid rent due under the lease. In its motion for summary judgment as to liability only plaintiff alleges that there are no material facts in dispute and therefore is entitled to summary judgment as a matter of law.
Defendant has pled two special defenses which form the basis for the disagreement between the parties as to whether summary judgment is appropriate. The first special defense asserts that the parties entered into a settlement agreement which although subsequently broken by plaintiff, concluded the dispute between the parties and resolved all outstanding issues between them. The second special defense alleges that plaintiff failed to mitigate its damages. In the affidavit attached to its objection to plaintiff's motion for summary judgment, defendant asserts that there were negotiations between the parties to resolve their dispute amicably; that on or about April 2, 1992, plaintiff orally accepted defendant's offer to terminate the lease; that on April 3, 1992, plaintiff accepted defendant's offer in writing; that on April 11, 1992, plaintiff CT Page 9399 breached the termination agreement. According to defendant, these allegations demonstrate that there is a genuine issue of material fact in dispute, namely, whether defendant is liable under the lease agreement, or whether its obligations to plaintiff were discharged by the so-called settlement agreement which it claims the parties entered into.
 I.
The standard for reviewing a motion for summary judgment is well established. "A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed fact and, therefore, cannot refute evidence properly presented to the court under Practice Book Sec. 380. The movant has the burden of showing the non-existence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Burns v. Hartford Hospital, 192 Conn. 451 (1984) (cites omitted). A "material fact" is one which will make a difference in the result of the case. Barrett v. Southern Connecticut Gas Co., 172 Conn. 362 (1977).
As framed by the affidavits submitted by each party, the central dispute in this case is whether the parties, through negotiations, resolved the dispute by agreeing to terminate the lease in return for the defendant paying a sum of money to plaintiff or whether the proposal submitted by defendant was merely an offer which was not accepted by the plaintiff. Resolution of those questions cannot be made simply by reference to the motion and supporting affidavits, as the question of whether negotiations between the parties culminated in a contract is a matter of fact to be determined by the trier of fact. Lembo v. Schlesinger, 15 Conn. App. 150 (1988). "Whether a contractual commitment has been undertaken is ultimately a question of the intention of the parties. Intention is an inference of fact"; Otto Contracting Co. v. S. Schinella Son, Inc., 179 Conn. 704 (1980); and our Supreme Court has consistently held that, "where the inferences which the parties CT Page 9400 seek to have drawn deal with questions of motive, intent and subjective feelings, summary judgment procedure is particularly inappropriate." Town Bank Trust Co. v. Benson, 176 Conn. 304
(1978). Defendant's affidavit demonstrates that there is a material fact in dispute, namely, whether the parties reached an agreement which would conclude their dispute. If established, plaintiff would not be entitled to judgment on its complaint.
With respect to defendant's second special defense alleging that plaintiff failed to mitigate its damages, the granting of summary judgment is inappropriate. Defendant's claim raises an issue of material fact. Rokalor, Inc. v. Connecticut Eating Enterprises, Inc., 18 Conn. App. 384 (1989).
Therefore, plaintiff's motion for summary judgment is denied.
SO ORDERED.
Holzberg, J.