[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT
This action arises out of two leases ("The Huyshope Lease" and "The Armory Lease") between plaintiff and its predecessor in interest, and defendants Colt's Manufacturing Co., Inc. (Colt's) and Coltec. Plaintiff seeks to recover unpaid rent and other charges due under the leases.
In 1975 Holt Associates, Inc., leased property in the Colt Industrial Park on Huyshope Avenue to Colt Industries Operating Corp. ("CIOC"). In 1979, plaintiff Water+Way Properties ("W+WP") acquired title to the leased premises and the Huyshope lease. Defendant Coltec Industries is the successor in interest to CIOC under the Huyshope lease. W+WP and Coltec agreed to three amendments to the lease, extending its term to June, 1996. In addition to paying the base rent, defendant agreed to make certain tax, water, steam and parking payments. In October, 1986, plaintiff and Coltec entered into a second lease for a portion of the 2nd floor of the Armory Building. By letter agreements this lease was extended through October 31, 1989. This lease also provided for a base rent and additional utility, CT Page 4943 steam and tax charges.
In March, 1990, Coltec transferred its Firearm's Division to Colt's Manufacturing Company ("Colt's"). As part of the transfer Coltec assigned its interests in the Huyshope and Armory leases to Colt's, which assumed all of Coltec's obligations under the leases. In its consent to the assignment W+WP provided that neither the assignment nor the consent would relieve Coltec from its obligations under the leases. The assignment was authorized by Article Eight of the Huyshope lease, which provides, in pertinent part, that notwithstanding its assignment, Coltec "shall remain primarily responsible for the rent and the performance of all the terms and conditions of the within lease."
In January, 1992, plaintiff instituted this action against Colt's and Coltec, alleging that Colt's was in default of its leases and owes plaintiff approximately $750,000 in base rent and additional charges. On March 18, 1992, Colt's filed a petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. Consequently, all proceedings against it, including this action, have been stayed by order of the Bankruptcy Court.
In its motion for summary judgment as to Coltec only, plaintiff alleges that Coltec is responsible for Colt's unpaid rent by the terms of the assignment which made Coltec primarily responsible to plaintiff in the event of Colt's default. Coltec opposes the motion for summary judgment, arguing inter alia, that there are genuine issues of material fact in dispute and that plaintiff has waived its right to proceed against Coltec.
 I.
The standards for evaluating a motion for summary judgment are well established.
Summary judgment shall be rendered if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book 384. The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). The court must view the evidence in the light CT Page 4944 most favorable to the nonmovant. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Telesco v. Telesco, 187 Conn. 175, 718,447 A.2d 752 (1982). Nolan v. Borkowski, 206 Conn. 495, 500
(1988).
Simply to assert the presence of an issue of fact is not sufficient to justify the denial of a motion for summary judgment:
 Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. [Citations omitted]. It is not enough however, for the opposing party merely to assert the existence of such a disputed issue.
Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984) (emphasis added).
 II.
Coltec raises various objections to plaintiff's motion for summary judgment. As set forth in its special defenses and Memoranda in Opposition to Summary Judgment, Coltec claims the following:
 (1) The Armory lease expired on October 31, 1989, and as such, neither Coltec nor Colt's has any contractual obligation to plaintiff.
 (2) Plaintiff failed to declare Coltec in default of its lease obligations and is therefore barred from recovering under the lease.
 (3) Plaintiff has waived any claim to rental arrearage by its course of conduct toward defendant.
 (4) Plaintiff has breached its duty of good faith and fair dealing, has failed to mitigate damages and has interfered with Coltec's right to recover against Colt's.
CT Page 4945
Each of these objections is discussed below.
A. Expiration of the Armory Lease
The original Armory lease was renewed by letter agreements, the last of which provided that the final renewal term shall expire on October 31, 1989. Coltec's assignment of its interest in this lease to Colt's occurred in 1990. Plaintiff nevertheless seeks to recover unpaid rent for the period after October 31, 1989, arguing that "all of the parties intended that the lease continue in effect." (Affidavit of Ira Belfar, par. 6.) Under these circumstances summary judgment is inappropriate. First, plaintiff has not demonstrated that as a matter of law an expired lease can be assigned. Moreover, even if such assignment were possible, a question of fact exists as to whether the parties intended that they be bound by the terms of the expired lease. Summary judgment is particularly inappropriate to resolve questions of intent, which ultimately is a question of fact. Town Bank Trust Co. v. Benson, 176 Conn. 304
(1978). Plaintiff's motion for summary judgment as to count three of the complaint is therefore denied.
B. Has Plaintiff Failed to Prove and Plead That Coltec is In Default of the Huyshope Lease?
Article Fifteenth (a) of the Huyshope Lease defines a payment default and breach of lease:
FIFTEENTH (a) Anything to the contrary notwithstanding, each of the following shall be deemed a default by Colt and a breach of this Lease:
 (1) A default in payment of any installment or installments of rent, or additional rent or other charges payable by Colt hereunder as and when the same shall become due and payable, and such default shall continue for a period of ten (10) days after written notice thereof from Holt to Colt;
Coltec argues that pursuant to this clause there can be no default until such time as plaintiff has provided written notice of the default, and that in the absence of such notice, plaintiff is prohibited from recovering unpaid rent. Defendant's argument fails for two reasons. CT Page 4946
First, the initial clause of Article Fifteenth (a)(1) declares, without limitation, that a default occurs when rent is not paid when it becomes due and payable. The second clause (". . . and such default shall continue for a period of ten (10) days after written notice thereof from Holt to Colt.") simply asserts that such default will remain in effect for 10 days after written notice of such default. This clause does not make the non-payment of rent any less a default because the landlord has not provided notice of such non-payment. When read in the entire context of Article Fifteenth, the notice provision cited by Coltec is not a condition precedent to the tenant's default, but rather to plaintiff's right to terminate the lease and regain possession of the premises. Article Fifteenth (b) provides that upon tenant's default the landlord, with proper notice, "shall have the right . . . to terminate the lease and enter into or repossess the leased premises." Before the landlord can reenter, however, it must provide notice of the default and a ten day period to cure the default.
Despite Coltec's claim, Article Fifteenth does not in any way act as a limitation on the landlord's right to initiate suit on the lease to recover damages for unpaid rent. This interpretation is consistent with Appellate and Supreme Court decisions on this subject. "When the lessee breaches a lease for commercial property, the lessor has two options: (1) to terminate the tenancy; or (2) to refuse to accept the surrender. Where the landlord elects to continue the tenancy, he may sue to recover the rent due under the terms of the lease." Under this course of action, the landlord is under no duty to mitigate damages." Rokalor, Inc. v. Connecticut Eating Enterprises, Inc., 18 Conn. App. 384, 388 (1989) (cites omitted); Sagamore Corporation v. Willcutt, 120 Conn. 315 (1935).
In this case it is undisputed that plaintiff did not seek to terminate the lease in the face of Colt's non-payment of rent. Instead, as was its right, it sued on the lease to recover unpaid rent and other damages. Neither Article Fifteenth, nor case law, requires plaintiff to declare a default prior to initiating suit. Accordingly, defendant's objection to plaintiff's motion for summary judgment as to this ground is denied.
C. Has Plaintiff, by its Conduct, Waived Its Right to Enforce the Contract? CT Page 4947
In its memoranda Coltec asserts that plaintiff has waived its contractual rights against Coltec. Although its argument in this respect is vague, Coltec appears to claim that plaintiff continued to provide steam and utilities to Colt's despite Colt's ongoing non-payment; acquiesced to material changes in the lease; and also failed to mitigate its damages. Coltec's arguments are unpersuasive. First, to the extent that Coltec generally asserts that there are issues of material fact concerning the question of whether plaintiff waived its contractual rights against Coltec and/or acquiesced in material changes in the lease, Coltec has failed to offer any evidence, by way of affidavit, stipulation or otherwise, that supports such a claim. A party objecting to a motion for summary judgment on the basis of the existence of a disputed material fact must produce some evidence of such dispute. It is not enough to merely assert the existence of such a dispute. Burns v. Hartford Hospital, supra.
Second, defendant's specific claim that plaintiff waived its contractual rights by its continued provision of steam and utilities to Colt's, despite Colt's non-payment, is without merit. Plaintiff was contractually obligated to provide these services to defendants. The claim that it waived its contractual rights by fulfilling its contractual obligations has no legal basis. Defendant's reliance on Carrano v. Shoor,118 Conn. 93 (1934) is misplaced. In that case the court suggested that a party could be estopped from insisting on compliance with the contract terms when it has acquiesced to a change in those terms. It did not conclude, nor do the facts of that case suggest, that a waiver may arise out of a party's continued discharge of its obligations. To hold otherwise would be anomalous in that if plaintiff refused to provide utilities defendant would be heard to argue that W+WP was in breach of the contract thereby excusing Coltec from performance of its obligations. See Batter Building Materials v. Kirschner,142 Conn. 1 (1954); Rokalor v. Connecticut Eating Enterprises, supra, 391. ("It is a general rule of contract law that a total breach of contract by one party relieves the injured party of any further duty to perform further obligations under the contract.")
Finally, Coltec further cites plaintiff's failure to mitigate its damages as proof of plaintiff's waiver of its contractual rights. The failure to mitigate damages is not a defense to an action for breach of contract, but rather a fact CT Page 4948 to be considered in determining the amount of damages to be awarded after liability has been determined. Danpar Associates v. Somersville Mills Sales Room, Inc., 182 Conn. 444 (1980).
D. Has Plaintiff Interfered With Coltec's Right to Recover Against Colt's?
Coltec asserts that there is a "material issue of fact whether Water + Way, by failing to take any action against Colt's until Colt's was on the verge of bankruptcy, and by continuing to provide services to Colt's for which Water + Way knew or should have known that Colt's could not pay, has interfered with the "right-over" of Coltec to recover against Colt's, such that Water + Way has lost its rights against Coltec."
Coltec has failed to demonstrate what material facts are in dispute with respect to this claim. Beyond that, assuming that the facts insinuated by Coltec are true — plaintiff delayed filing this case until Colt's was on the verge of bankruptcy — Coltec has failed to cite any authority that such action acts as a legal bar to plaintiff's recovery. Because defendant has failed to show that plaintiff is not entitled to judgment as a matter of law; Nolan v. Borkowski; its objection fails.
E. Does the Lease Limit Plaintiff's Recovery to Unpaid Rent?
Coltec's final objection to plaintiff's summary judgment motion is based on its claim that the assignment provision of the lease makes Coltec — the assignor — liable for rent only and not for the cost of steam provided by plaintiff to Colt's. Coltec's argument is predicated on Article Eighth of the lease, which provides that upon an assignment Coltec "shall remain primarily responsible for the payment of the rent and the performance of all the terms and conditions of the within Lease." Coltec argues that this clause makes Coltec liable only for rent, and since payment for steam is not described in the lease as "rent", but rather as an additional "charge," Coltec is not responsible for the cost of steam.
The principal difficulty with Coltec's argument is that, even assuming steam is not defined as rent, Article Sixth states that "[c]harges for steam shall be due when bills therefor are rendered, and, if not promptly paid, the amount thereof shall be deemed additional rent, and may be added to the next, or any CT Page 4949 subsequent, installment of rent and may be collected in the same manner as rent." (Emphasis supplied). Coltec does not dispute that Colt's has not paid the steam charges or otherwise claim that this material fact is in dispute. Id. Those costs are therefore treated as additional rent and thus the responsibility of Coltec under Article Fifteenth, pursuant to which it remains liable for rent after an assignment.
For the foregoing reasons defendant Coltec's objections to plaintiff's motion for summary judgment are overruled. Plaintiff has sustained its burden of demonstrating that there is no genuine issue of material fact in dispute and that it is entitled to judgment as a matter of law as to counts one and two. Accordingly, plaintiff's motion for summary judgment is granted as to counts one and two as to liability only. Damages will be determined after hearing. Plaintiff's motion as to count three is denied.
SO ORDERED.
Holzberg, J.