[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case was tried as a hearing in damages to the Court.
Neither defendant filed any Notice of Defenses pursuant to Section 367 of the Practice Book.
The defendant Louis M. Ursini, nevertheless testified that he signed that portion of Exhibit A which is entitled as "Guaranty", not as an individual, but as president of the defendant, Silver Dollar Stores, Incorporated. Ursini accordingly argues that judgment cannot enter against him. Even if this defense were properly raised, the Court finds it unconvincing. An examination of the signature, the contents of the "Guaranty" and Exhibit A and the testimony of the witnesses leads to one conclusion, that the defendant, Ursini, signed in his individual capacity.
Likewise, the Court finds that the plaintiff did not breach any terms of the lease in permitting one of the other tenants in the shopping center to renovate. Even if the defense were properly raised, the evidence does not support defendants' contention that the renovations so disturbed the traffic flow as to cause significant financial losses to the defendant, Silver Dollar Stores, Inc.
The Court finds that the lessee breached the lease by failure to pay rent. The plaintiff was entitled to sue, terminate the tenancy, sue for possession and to bring this action for breach of contract. Rakalor v. Connecticut Eating Enterprises Inc.,18 Conn. App. 384. The measure of damages is that the award should place the injured party in the same position he would have been had the contract been fully performed. Lar-Rob Bus Corporationv. Fairfield, 170 Conn. 397. The unpaid rent, while not recoverable as such may be used by the Court in computing damages. Rokalor, supra, at 389.
In an action for breach of contract, the injured party is under a duty to mitigate damages. The Court finds that the plaintiff has sought to mitigate damages as evidenced by its efforts to relet the premises.
The Court finds that the plaintiff's losses to date are $22,144.03. Losses from the date of this opinion to the end of the contract period will be $128,529.98. Defendants are entitled to a credit for their security deposit in the amount of $4,085.44. CT Page 8803
Thus judgment enters against both defendants in the amount of $146,588.57.
Costs in the amount of $849.10 are awarded to plaintiff as against both defendants.
Attorneys fees of $3,767.00 are awarded to plaintiff as against both defendants.
So Ordered,
Langenbach, J.