[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 17, 1997
This is a civil case brought by a landlord to recover from a CT Page 2582 former tenant amounts claimed to be due for unpaid rent and use and occupancy, as well as property damage sustained during the tenancy.
The facts underlying the claim for back rent and use and occupancy are undisputed. The parties entered into a written lease which ran from October 1, 1995, to September 30, 1996. A dispute arose during the course of the tenancy, the defendant didn't pay rent for the month of August, 1996, and the landlord caused a notice to quit to be served on approximately August 13, 1996. The quit date was August 21, 1996, and the defendant vacated on that day. The agreed upon monthly rent was $650, and there is no objection to any amount for use and occupancy to be calculated at the rate of $650/month. The premises were relet to another tenant beginning October 1, 1996, at the rate of $750/month.
The parties agree that the defendant owes rent for the period from August 1, 1996, through August 13, 1996, at the rate of $20.967 per day for a total amount of $272.58. The parties also agree that the same amount per day should be paid for use and occupancy for the period from August 14, the first day after the tenancy was terminated, through August 21, the day the defendant vacated the premises, for a total amount of $167.74.[1]
Paragraph 12 of the written lease also provides for an attorney's fee of 15%, as allowed by statute.[2]
The legal dispute arises over the period of time from August 22, 1996, through September 30, 1996. This is the period between the time the defendant vacated the premises and the expiration of his lease. In the context of a commercial lease, it is generally true that a tenant is liable for the amounts due under the lease even after he vacates, subject to the landlord's duty to mitigate damages. Rokalor, Inc. v. Connecticut Eating Enterprises, Inc.,18 Conn. App. 384 (1989). Rokalor and its progeny hold that a lease is simply one kind of contract, and principles of contract damages dictate that a non-breaching lessor be placed, as nearly as possible, in the same position he would have been had the breach not occurred.
The difficulty has arisen because of the fact that Rokalor
arose from a commercial lease.[3] Rokalor itself appears to confine its holding to commercial cases, though it by no means expressly rules out applicability to residential leases. If a lease is viewed as a transfer of an interest in land rather than CT Page 2583 a contract, then termination of the lease would theoretically sever the obligation to pay for the use of the land, unless it were actually being occupied. Additionally, § 47a-11a, applicable only to residential rental agreements, does not make a great deal of sense in a Rokalor environment.[4]
On balance, I decline to extend Rokalor to non-commercial leases. The common law, prior to Rokalor, appeared to limit damages in similar situations to "rent" or "use and occupancy"; see Feneck v. Nowakowski, 146 Conn. 434 (1946); and binding authority has been cited only in the context of commercial leases. Had the law allowed for the recovery of contractual damages as presented in this case, there would have been no need for the legislature[5] to pass P.A. 97-231 § 1. I find, then, that no rent-type damages are to be assessed for the period after the defendant vacated the premises.
I make the following findings with respect to property damage. As to the scratches on the back door, apparently caused by a dog, I credit the testimony of Mr. Staley, who indicated that the cost of materials and labor would be about $300. The issue as to liability for the hole in the bathroom wall is very close; on balance, I find that the plaintiff sustained the burden of proof as to liability and award damages of $100. As to the remaining scratches on the floors, I credit the estimate of Mr. Staley, partly because the scratches apparently have not yet been repaired and the premises were relet without apparent difficulty and partly because the work claimed to be necessary in testimony seems excessive in the circumstances, and award $300. The issue as to scratches was barely resolved in favor of the plaintiff, assome scratches on the floor are to be expected as normal wear and tear. According to most of the testimony, however, these scratches were unusually deep.
I award, then, damages in the amount of $1140.32, plus attorney's fees in the amount of $171.05. Weekly payments in the amount of $25/week are ordered.
BEACH, J.