[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This was an action for back rent and other damages incidental to a commercial tenancy. The defendant was defaulted and the case proceeded to a hearing in damages. The plaintiff provided an affidavit of debt. Based thereon, the plaintiff has proven that she is entitled to damages as follows.
 Back rent $13,658.60 Unpaid water bills 2,504.10 Unpaid sewer fees 2,857.97
$19,020.67
The plaintiff's claim for damages in lieu of rent for the period since the defendant vacated is denied. "`Although the termination of the tenancy releases a tenant from his obligations under the lease, such release does not leave the landlord without legal recourse to recover damages. Where a landlord, as in this case, elects to terminate the tenancy and to regain possession of the premises, although he cannot institute an action for rent due under the lease, he may sue for a breach of the lease. Where the action is one for breach of the lease, basic contract principles apply.' Rokalor, Inc. v.Connecticut Eating Enterprises, Inc., 18 Conn. App. 384, 388-89,558 A.2d 265 (1989)." K R Realty Associates v. Gagnon,33 Conn. App. 815, 820, 639 A.2d 524 (1994). "It is well established that in an action for damages for breach of a lease, the injured party is under a duty to mitigate his or her CT Page 10062 damages. . . . The duty to mitigate requires a landlord to `make reasonable efforts' to minimize damages . . . which includes taking steps to relet the premises. What constitutes reasonable efforts is a question of fact for the trier." Rokalor v.Connecticut Eating Enterprises, supra, 18 Conn. App. 390.
The plaintiff's affidavit simply makes the conclusory statement: "Although I have made reasonable attempts to relet the premises, the premises have not yet been relet." This is insufficient. "Purely conclusory statements in an affidavit provide little input, if any, into that information which a neutral and detached judicial authority can properly use. . . ."State v. Ross, 194 Conn. 447, 468, 481 A.2d 730 (1984); seeGupta v. New Britain General Hospital, 239 Conn. 574, 583,687 A.2d 111 (1996); State v. Barton, 219 Conn. 529, 537,594 A.2d 917 (1991); Glanz v. Testa, 200 Conn. 406, 409, 511 A.2d 341
(1986); Farrell v. Farrell, 182 Conn. 34, 37, 438 A.2d 415
(1980); Kukanskis v. Griffith, 180 Conn. 501, 504, 430 A.2d 21
(1980); State v. DeChamplain, 179 Conn. 522, 531,427 A.2d 1338 (1980); LaFayette Bank Trust Co. v. Aetna Casualty Surety Co., 177 Conn. 137, 140, 411 A.2d 937 (1979); State v.Vallas, 16 Conn. App. 245, 261, 547 A.2d 903 (1988), aff'd sub nom. State v. Calash, 212 Conn. 485, 563 A.2d 660 (1989); Self-ServiceSales Corp. v. Heinz, 1 Conn. App. 188, 193, 194,470 A.2d 701 (1984).
Judgement may enter for he plaintiff in the amount of $19,020.67 plus $1,000.00 attorneys fees, plus taxable costs.
BY THE COURT
Bruce L. LevinJudge of the Superior Court