[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court "took the papers" for two reasons. First, there is a question as to whether a lessor of residential premises, like a lessor of commercial premises; see Rokalor, Inc. v. ConnecticutEating Enterprises, Inc., 18 Conn. App. 384, 388-390,558 A.2d 265 (1989); may serve a notice to quit on the lessee and obtain a summary process judgment against him and also sue the lessee for damages, in lieu of rent, for the balance of the lease. While Judge Beach has held that a residential landlord may not; Wyzikv. Famiglietti, Superior Court, judicial district of Hartford-New Britain Housing Session, No. CVH 5699 (20 CONN. L. RPTR. 127 (Jun. 17, 1997); I have held to the contrary in Hackbarth v.Ross, Superior Court, judicial district of New Haven, Housing Session, No. CV 96-7800 (August, 1997). I adhere to that position.
Second, the plaintiff has brought an action for breach of a lease to which it appears a partnership of which he is a partner was the lessor. However, "[t]he defendant, by his answer and special defense and by going to trial on the merits, waived any question as to the capacity or right of the plaintiff to sue."Derr v. Moody, 5 Conn. Cir. 718, 722, 261 A.2d 290 (App.Div. 196 9).
As to the issues framed by the parties' pleadings, the court finds the issues on the complaint in favor of the plaintiff. The court does not find any special defense proven. Judgment may enter in favor of the plaintiff and against the defendant in the amount of $2,301.74, with a weekly order of $25.00 commencing October 1, 1998.
BY THE COURT
Bruce L. LevinJudge of the Superior Court