[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Subsequent to the court's filing of its Memorandum of Decision as to Liability on September 12, 2000, the plaintiff filed an "Objection To Order".
The court heard the parties on the objection at which time the plaintiff indicated she was prepared to stand on her trial testimony with respect to mitigation.
The court overrules the plaintiffs objection to its prior ruling and decision, concluding that the plaintiff as the landlord, terminated the lease arrangement by advising the defendant to remove his property (See Exhibit D).
Pursuant to Rokalor, Inc. v. Connecticut Eating Enterprises, Inc. etal, 18 Conn. App. 384 (1989), this obligated the plaintiff to mitigate damages. Id., at 388. She has not done so, nor has she presented evidence as to the cost of removing the property alleged to belong to the defendant.
The defendant has conceded that any of his property on the premises is to be deemed as abandoned, effective February 22, 1996.
The court having found the property to be the defendants, the plaintiff is entitled to recover for the period January 2, 1996 to February 22, 1996. In accordance with the rental contract, this covers two months at $250.00 per month. Interest is also awarded in the amount of $229.16.
Judgement may enter for the plaintiff in the amount of $729.16, plus taxable costs.
Anthony V. DeMayo, J.T.R.