HOUSING AUTHORITY OF THE CITY OF NEW HAVEN *v.* HAROLD E. ALPROVIS ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 79838

Memorandum filed May 27, 1954.

*Stoddard, Persky, Eagan & Cobey,* of New Haven, for the plaintiff.

*George W. Crawford,* corporation counsel, of New Haven, for the defendants.

COVELLO, J. This is an application for a writ of mandamus to compel the defendant Alprovis as judge of the Municipal Court of the city of New Haven to strike from an order dated April 8, 1954, granting the plaintiff's motion for an execution, that part thereof which orders that issuance of the execution be stayed until June 30, 1954, and an order directing the defendant Alprovis as such judge and the defendant Alderman as clerk of the said court to issue an execution in connection with a summary process action brought by the plaintiff against one Joseph T. Causgrove. The complaint alleges that on September 29, 1953, the plaintiff brought a summary process action against Joseph T. Causgrove to obtain possession of premises leased by it to said Causgrove and that on October 1, 1953, the plaintiff and Causgrove entered into a stipulation for judgment and stay of execution to December 31, 1953. The stipulation, which is made a part of the complaint, provides that judgment be entered in said action forthwith against the defendant and for the plaintiff to recover possession of the premises described in the complaint and for costs. Under the stipulation the plaintiff agreed not to procure or levy execution upon said judgment for possession of said premises prior to January 1, 1954, provided the defendant performed certain promises and agreements contained in said stipulation.

On October 15, 1953, the Municipal Court of the city of New Haven entered judgment in said summary process action for the plaintiff to recover possession of said premises in accordance with said stipulation. In January, 1954, and again in February, 1954, and again on March 2, 1954, the plaintiff extended the time fixed in said stipulation for the surrender of said premises to the plaintiff to Janu-

ary 31, 1954, February 28, 1954, and March 31, 1954, respectively. Thereafter the plaintiff moved the Municipal Court of New Haven to order issuance of an execution on said judgment. On April 8, 1954, after a hearing, the defendant Alprovis, as judge of said court, entered an order granting the plaintiff's motion for execution on said judgment but directed that the issuance of said execution be stayed until June 30, 1954.

The defendants demur to the plaintiff's complaint and application on the ground that the defendant Alprovis, in his capacity as a judge of the Municipal Court of the city of New Haven, in granting the plaintiff's motion for execution but directing stay of the same until June 30, 1954, was not performing a ministerial act; that the granting of said motion and directing said stay was a judicial function involving the exercise of a discretion inherent in the nature of the action; and that the orders granting the plaintiff's motion for the execution and directing a stay thereof are inseverable parts of one judicial act involving the exercise of discretion.

The demurrer raises the question as to whether the issuance of an execution in connection with or following a judgment for possession under our statutes governing summary process actions is one involving the exercise of judgment or discretion, or whether it is purely a ministerial act which can be enforced by a writ of mandamus.

The action of summary process is a special statutory proceeding. It is intended to provide a remedy that will enable landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common law actions, they might be subjected by tenants wrongfully holding over their premises. The proceeding is not only intended to be summary but conclusive. *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 530.

Our court has held that where the defendant has equitable grounds to stay summary process proceedings his proper course is to resort to equity for relief. *Winestine* v. *Rose Cloak & Suit Co.,* 93 Conn. 633, 638.

In order to carry out the purposes of the action, special rules have been made for the trial of summary process actions. Thus no appeal may be taken in such a proceeding. Cum. Sup. 1953, § 2417c. More numerous return days than in ordinary actions are provided. General Statutes § 7582. Provision is made for speedy hearing. Practice Book §§ 281-284.

The legislature, recognizing the summary nature of summary process proceedings, made specific provision for stays of execution in those situations where the public interest required it. Thus § 2419c of the 1953 Cumulative Supplement to the General Statutes provides for a stay of execution for forty-eight hours to permit a party to procure a writ of error and § 2420c of said supplement provides for a stay of execution for twenty days in order that the defendant may make appropriate application to the Court of Common Pleas, which court is authorized to grant stays of execution. Summary process being the creature of statute, had it been the intention of the legislature to grant to the court which entered the original judgment for possession the power to stay execution of the judgment, then it would not have specifically provided for the staying of execution in the specific situations provided for in §§ 2419c and 2420c of the 1953 Cumulative Supplement to the General Statutes.

Section 2417c of the 1953 Cumulative Supplement to the General Statutes provides that "[i]f, on the trial of such complaint [summary process] on an issue closed . . . it shall be found that the defendant

is the lessee of the complainant . . . judgment shall be rendered for the complainant that he recover possession of the premises with his costs, and execution shall issue accordingly; and no appeal shall be allowed from any judgment rendered in any such action." Section 7718 of the General Statutes provides that "[c]lerks of courts shall . . . issue executions on judgments and perform all other duties imposed on them by law." The defendant Alprovis as judge of the Municipal Court of the city of New Haven did not have power to order that the execution of the judgment be stayed until June 30, 1954.

A litigant who has procured a judgment or decree is entitled to have the same enforced and the court may not rightly refuse proper writs or orders to secure such result. Its duty in the matter is generally of a ministerial character involving no exercise of judgment or discretion and, as such, may be enforced by mandamus. 35 Am. Jur. 49; *Alcorn* v. *Fellows,* 102 Conn. 22, 33. A writ of mandamus will issue to require an inferior court to set aside an invalid order staying execution. 35 Am. Jur. 50.

The issuance of an execution in connection with or following a judgment for possession of the premises in a summary process action is not an act involving the exercise of judgment or legal discretion but rather a ministerial act.

The demurrer does not raise the question as to whether the plaintiff is without other remedy at law, as was done in *State ex rel. Anderson* v. *Clark,* 15 Conn. Sup. 141. It is pointed out, however, that this latter case was decided prior to the time when the legislature made provision for the procedure to be followed in certain cases where a stay of execution is requested.

The demurrer is overruled.