## HUD/BARBOUR-WAVERLY v. LENORA WILSON (15177)

Peters, C. J., and Callahan, Borden, Norcott and Palmer, Js.

---

Argued November 1—decision released December 26, 1995

*Carmen Reyes Neale*, with whom was *David A. Pels*, for the appellant (defendant).

*Jeffrey A. McChristian*, for the appellee (plaintiff).

CALLAHAN, J. The sole issue in this certified appeal[1] is whether, in an appeal from a judgment of possession in a summary process eviction proceeding, the failure of the defendant to comply with the five day time limit specified by General Statutes § 47a-35 deprived the

---

[1] We granted the defendant's petition for certification limited to the following issue: "Under the circumstances of this case, did the Appellate Court properly dismiss the defendant's appeal for lack of subject matter jurisdiction?" *HUD/Barbour-Waverly* v. *Wilson*, 232 Conn. 905, 653 A.2d 193 (1995).

Appellate Court of subject matter jurisdiction. The plaintiff, HUD/Barbour-Waverly, is the owner and operator of Chappelle Gardens, an apartment complex located at 108 Waverly Street, Hartford, in which the defendant, Lenora Wilson, formerly resided.[2]

On November 24, 1992, the plaintiff, pursuant to General Statutes § 47a-15,[3] sent the defendant notice of a

[2] After the trial court rendered judgment, the defendant vacated the premises at 108 Waverly Street. The issue before the court is not moot, however, in light of the potentially prejudicial collateral consequences that accompany this judgment of possession. *Housing Authority* v. *Lamothe*, 225 Conn. 757, 762–66, 627 A.2d 367 (1993).

[3] General Statutes § 47a-15 provides: "Noncompliance by tenant. Remedy of breach by tenant. Landlord's remedies. Prior to the commencement of a summary process action, except in the case in which the landlord elects to proceed under sections 47a-23 to 47a-23b, inclusive, to evict based on nonpayment of rent, on conduct by the tenant which constitutes a serious nuisance or on a violation of subsection (h) of section 47a-11, if there is a material noncompliance with section 47a-11 which materially affects the health and safety of the other tenants or materially affects the physical condition of the premises, or if there is a material noncompliance by the tenant with the rental agreement or a material noncompliance with the rules and regulations adopted in accordance with section 47a-9, and the landlord chooses to evict based on such noncompliance, the landlord shall deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than thirty days after receipt of the notice. If such breach can be remedied by repair by the tenant or payment of damages by the tenant to the landlord, and such breach is not so remedied within twenty-one days the rental agreement shall terminate except that (1) if the breach is remediable by repairs or the payment of damages and the tenant adequately remedies the breach within such twenty-one-day period, the rental agreement shall not terminate; or (2) if substantially the same act or omission for which notice was given recurs within six months, the landlord may terminate the rental agreement in accordance with the provisions of sections 47a-23 to 47a-23b, inclusive. For the purposes of this section, 'serious nuisance' means (A) inflicting bodily harm upon another tenant or the landlord or threatening to inflict such harm with the present ability to effect the harm and under circumstances which would lead a reasonable person to believe that such threat will be carried out, (B) substantial and wilful destruction of part of the dwelling unit or premises, (C) conduct which presents an immediate and serious danger to the safety of other tenants or the landlord, or (D) using the premises for prostitution or the illegal sale of drugs. If the landlord elects to evict based upon an allegation, pursuant to subsection (g) of section 47a-11, that the tenant failed to require other persons on the premises with

violation of her lease agreement.[4] Having failed to correct the alleged violation, on December 29, 1992, the defendant was served, pursuant to General Statutes § 47a-23, with a notice to quit possession of her leased premises on or before January 4, 1993. The defendant did not vacate the premises and, on January 5, 1993, the plaintiff brought a summary process action under General Statutes § 47a-23a[5] seeking to evict the defendant from her apartment on the basis of her alleged violation of the rental agreement between the parties. After a trial, the trial court rendered a judgment of possession in favor of the plaintiff on August 5, 1993. Within the five day period allowed by § 47a-35[6] for an

his consent to conduct themselves in a manner that will not constitute a serious nuisance, and the tenant claims to have had no knowledge of such conduct, then, if the landlord establishes that the premises have been used for the illegal sale of drugs, the burden shall be on the tenant to show that he had no knowledge of the creation of the serious nuisance."

[4] Specifically, the plaintiff claimed that there was an unreasonable amount of noise emanating from the defendant's apartment at all hours of the night.

[5] General Statutes § 47a-23a provides in relevant part: "Complaint. (a) If, at the expiration of the five days [after receiving a notice to quit pursuant to General Statutes § 47a-23] the lessee or occupant neglects or refuses to quit possession or occupancy of the premises, any commissioner of the superior court may issue a writ, summons and complaint which shall be in the form and nature of an ordinary writ, summons and complaint in a civil process, but which shall set forth facts justifying a judgment for immediate possession or occupancy of the premises and make a claim for possession or occupancy of the premises. If the plaintiff has properly issued a notice to quit possession to an occupant by alias, if permitted to do so by section 47a-23, and has no further identifying information at the time of service of the writ, summons and complaint, such writ, summons and complaint may also name and serve such occupant or occupants as defendants. In any case in which service is to be made upon an occupant or occupants identified by alias, the complaint shall contain an allegation that the plaintiff does not know the name of such occupant or occupants. Such complaint shall be returnable to the superior court. Such complaint may be made returnable six days, inclusive, after service upon the defendant and shall be returned to court at least three days before the return day. Such complaint may be served on any day of the week. Notwithstanding the provisions of section 52-185 no recognizance shall be required of a complainant appearing pro se."

[6] General Statutes § 47a-35 provides: "Stay of execution. Time to appeal. Execution shall be stayed for five days from the date judgment has been

aggrieved party in a summary process action to file an appeal, the defendant moved the trial court for an extension of time to do so pursuant to Practice Book § 4040.[7] That motion was granted by the trial court on

rendered, provided any Sunday or legal holiday intervening shall be excluded in computing such five days, except that in an action for nonpayment of rent, if within five days of the date judgment is rendered the defendant deposits with the clerk of the court the full arrearage then the defendant may apply for a stay of execution in accordance with section 47a-37. Notwithstanding the provisions of said section no such stay may exceed three months in the aggregate. The clerk shall distribute such arrearage to the landlord in accordance with an order of the court. An appeal shall not be taken except within such period. If an appeal is taken within such period, execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay or unless the defendant fails to give bond, as provided in section 47a-35a. If execution has not been stayed, as provided in this section, execution may then issue, except as otherwise provided in sections 47a-36 to 47a-41, inclusive."

[7] Practice Book § 4040 provides: "Extension of Time

"(a) If an appeal has not yet been filed, the judge who tried the case may, for good cause shown, extend the time provided for filing the appeal, except as may be otherwise provided in these rules. In no event shall the trial judge extend the time for filing the appeal to a date which is more than twenty days from the expiration date of the original appeal period. Where a motion for extension of the period of time within which to appeal has been filed at least ten days before expiration of the time limit sought to be extended, the party seeking to appeal shall have no less than ten days from issuance of notice of denial of the motion to file the appeal.

"For extensions of time to file a cross appeal, see Sec. 4005; to file a petition for certification to the supreme court, see Sec. 4132; to file a petition for certification to the appellate court, see Sec. 4142.4.

"(b) If an appeal has been filed, the time provided for taking any step necessary to prosecute or defend the appeal may be extended by the court in which the appeal is pending.

"(c) (1) Extensions shall be granted only upon a written motion filed with the clerk of the trial court, in the case of a preappeal motion, and with the appellate clerk, in the case of a postappeal motion. A motion should set forth the reason for the requested extension, and shall be accompanied by a certification that a copy thereof has been mailed to each of the movant's clients. The moving party shall also include a statement as to whether the other parties consent or object to the motion. A motion for extension of time to file a brief must specify the current status of the brief or preparations therefor, indicate the estimated date of completion, and, in criminal cases, state whether the defendant is incarcerated as a result of the proceeding in which the appeal has been taken.

August 16, 1993, although neither the defendant's motion for an extension of time nor the trial court's order granting the defendant's motion specified the length of time for which the extension was sought or granted.

Subsequently, on August 30, 1993, the defendant appealed to the Appellate Court, nineteen days after the expiration of the appeal period set forth in § 47a-35. The Appellate Court ordered the parties to file supplemental briefs on the issue of whether the defendant's appeal should be dismissed for lack of subject matter jurisdiction because the appeal had not been timely filed. After reviewing the briefs and hearing oral argument on the jurisdictional issue, the Appellate Court dismissed the appeal. We affirm that judgment of dismissal.

In *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 764, 628 A.2d 1303 (1993), we held that the issue of whether a statutory time limitation for the filing of an appeal implicates appellate subject matter jurisdiction "devolves into a question of statutory construction: did the legislature, in imposing the time limitation, intend to impose a subject matter jurisdictional require-

"(2) The appellate clerk is authorized to grant or deny motions for extension of time promptly upon their filing. Motions for extension of time to complete any step necessary to prosecute or defend the appeal, to move for or oppose a motion for reargument, or to petition for or oppose a petition for certification will not be granted except for extraordinary cause. Claims of extraordinary cause shall be raised promptly after the cause arises.

"(3) An opposing party who objects to a motion for extension of time filed pursuant to (b) above shall file an objection with reasons in support thereof with the appellate clerk within five days from the filing of the motion.

"(4) A motion for extension of time shall be filed at least ten days before the expiration of the time limit sought to be extended or, if the cause for such extension arises during the ten day period, as soon as reasonably possible after such cause has arisen. No motion under this rule shall be granted unless it is filed before the time limit sought to be extended by such motion has expired.

"(5) Any action by the trial court judge pursuant to (a) above or the appellate clerk pursuant to (c) (2) above is reviewable pursuant to Sec. 4053."

ment on the right to appeal? 'We approach this question according to well established principles of statutory construction designed to further our fundamental objective of ascertaining and giving effect to the apparent intent of the legislature. *State* v. *Kozlowski*, 199 Conn. 667, 673, 509 A.2d 20 (1986); *Hayes* v. *Smith*, 194 Conn. 52, 57, 480 A.2d 425 (1984). In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. *Dart & Bogue Co.* v. *Slosberg*, 202 Conn. 566, 572, 522 A.2d 763 (1987). . . . *Texaco Refining & Marketing Co.* v. *Commissioner*, 202 Conn. 583, 589, 522 A.2d 771 (1987).' " Id., 764; see *Frillici* v. *Westport*, 231 Conn. 418, 431–32, 650 A.2d 557 (1994). The issue presented, therefore, is whether the legislature intended to make the five day time limitation set forth in § 47a-35 a jurisdictional prerequisite to an appeal from a housing court ruling in a summary process eviction proceeding. We conclude that it did.

As with any issue of statutory interpretation, our initial guide is the language of the statute itself. *Frillici* v. *Westport*, supra, 231 Conn. 430; *West Hartford Interfaith Coalition* v. *Town Council*, 228 Conn. 498, 508, 636 A.2d 1342 (1994); *Stitzer* v. *Rinaldi's Restaurant*, 211 Conn. 116, 118, 557 A.2d 1256 (1989); *Federal Aviation Administration* v. *Administrator*, 196 Conn. 546, 549–50, 494 A.2d 564 (1985). In *Ambroise* v. *William Raveis Real Estate, Inc.*, supra, 226 Conn. 762, we concluded that a time limitation expressed in language similar to the language of § 47a-35 was jurisdictional. General Statutes § 52-278*l* (b), the statute at issue in *Ambroise*, provides: "*No such appeal* [from an order granting or denying a prejudgment remedy] *shall be taken* except within seven days of the rendering of the

order from which the appeal is to be taken." (Emphasis added.) Section 47a-35, the statute presently at issue, allows for a five day stay of execution of a summary process judgment and then clearly provides that "[a]n appeal *shall not be taken* except within such period." (Emphasis added.) The legislature is the branch of government empowered to bestow subject matter jurisdiction upon the courts. See *Grieco* v. *Zoning Commission*, 226 Conn. 230, 231, 627 A.2d 432 (1993). If its language in drafting and enacting a statute is clear and unambiguous, there is no room for alteration of the legislative decision by the judicial branch through Practice Book provision or otherwise. See *Ambroise* v. *William Raveis Real Estate, Inc.*, supra, 763. As we stated in *Ambroise*, "[t]hat language means what it says." Id., 765. "A statute which provides that a thing shall be done in a certain way carries with it an implied prohibition against doing that thing in any other way." (Internal quotation marks omitted.) *Iovieno* v. *Commissioner of Correction*, 222 Conn. 254, 258, 608 A.2d 1174 (1992) (habeas statute that provides that "[n]o appeal . . . may be taken" except within statutorily prescribed period gives habeas court no discretion to hear untimely appeals; id., 256–57). The absolute nature of the legislative pronouncement regarding the ability to appeal a summary process judgment strongly suggests that compliance with its mandate is a necessary prerequisite to an appellate court's subject matter jurisdiction.

In addition, our conclusion that the requirement is jurisdictional is supported by two of the other *Ambroise* factors—the statute's relationship to the common law and the legislative policy that triggered its enactment.[8] In *Ambroise* v. *William Raveis Real Estate, Inc.*, supra, 226 Conn. 766, we relied on the fact that "[t]he right to

---

[8] The fourth *Ambroise* factor, the legislative history, provides no indication as to the legislature's intent regarding the jurisdictional nature of the time limitation.

a prejudgment remedy of attachment is purely statutory" in order to support our conclusion that the seven day time limitation of § 52-278*l* (b) is to be strictly construed. Our inquiry in *Ambroise* into the right of attachment at common law arose from "the customary presumption in favor of retaining common law standards . . . ." *Dart & Bogue Co.* v. *Slosberg,* supra, 202 Conn. 572. In *Ambroise,* we pointed out that although attachment had common law antecedents, the statutory right to obtain an attachment is "in derogation of both common right and common law" and is therefore "to be strictly interpreted and pursued." (Internal quotation marks omitted.) *Ambroise* v. *William Raveis Real Estate, Inc.,* supra, 766 n.10. We previously have held that summary process eviction proceedings are similarly in derogation of common law; *Prevedini* v. *Mobil Oil Corp.,* 164 Conn. 287, 292, 320 A.2d 797 (1973); and therefore that the summary process statutes must be strictly interpreted.

The legislative policy that the statute was designed to implement also supports our conclusion that the statutory language that requires the filing of an appeal within the statutory five day time limit is to be strictly construed and is jurisdictional. We have previously recognized that "[t]he purpose of summary process proceedings . . . is to permit the landlord to recover possession on termination of a lease; *Feneck* v. *Nowakowski,* 146 Conn. 434, 436, 151 A.2d 891 [1959]; without suffering the delay, loss and expense to which he may be subjected under a common-law action. *Housing Authority* v. *Alprovis,* 19 Conn. Sup. 37, 39, 109 A.2d 884 [1954]. The process is intended to be summary and is designed to provide an expeditious remedy to the landlord seeking possession. *Mayron's Bake Shops, Inc.* v. *Arrow Stores, Inc.,* 149 Conn. 149, 154, 176 A.2d 574 [1961]; *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 530, 41 A.2d 109 [1945]." *Prevedini* v. *Mobil Oil Corp.,*

supra, 164 Conn. 292–93. A holding that the five day time period is discretionary and therefore can be waived would undermine the clear legislative policy favoring prompt resolution of disputes between landlords and tenants.

In light of the plain language of § 47a-35, the fact that the summary process statutes are in derogation of common law and the legislative policy in favor of the swift resolution of disputes between landlords and tenants regarding rights of possession, we conclude that an appeal pursuant to § 47a-35 must be brought within five days of the rendering of a summary process judgment.

The defendant argues for a variety of reasons that the five day time limit does not allow indigent persons sufficient time within which to file an appeal. Without passing on the merits of the defendant's contention, we note that "this court is precluded from substituting its own ideas of what might be a wise provision in place of a clear expression of legislative will." (Internal quotation marks omitted.) *Gonsalves* v. *West Haven*, 232 Conn. 17, 26, 653 A.2d 156 (1995). The defendant's concerns are more appropriately addressed to the legislature.

The judgment is affirmed.

In this opinion the other justices concurred.