[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PAYMENT OF UTILITY CHARGES
This is a statutory receiver of rent action brought by the plaintiff, Bridgeport Hydraulic Company, under ConnecticutGeneral Statutes § 16-262f. The defendant, the United Illuminating Company, has filed a motion for payment of utilities charges pursuant to Connecticut Statutes § 16-262f.
requesting that the court order the receiver of rents to pay certain arrears for electric services owed by Colonial Gardens Condominium Association, Inc. to the United Illuminating Company.
FACTS
The motion was taken on the papers without testimony. The following facts appear of record. On October 23, 1995 the plaintiff, Bridgeport Hydraulic Company, a water company, filed an application for appointment of a receiver of rents as against the defendant, Colonial Gardens Condominium Association, Inc., in accordance with Connecticut General Statutes § 16-262f. The plaintiff alleged that Colonial Gardens Condominium Association, Inc. is the owner, agent, lessor or manager of a residential dwelling located at 104-40 Chestnut Street, Bridgeport, Connecticut. The Application further states that the owner, agent, lessor or manager is presently in default of payments due for water services provided by the applicant, Bridgeport Hydraulic Company, in the amount of $2,065.77. An order to show cause was served in this matter and the case was assigned a November 13, 1995 hearing. On that date Collect Associates was appointed receiver of rents, and the arrears for water services CT Page 1267-XX was found to be $2,612.60 as of November 9, 1995 due the plaintiff, petitioner, Bridgeport Hydraulic Company.
On December 11, 1995 the defendant, the United Illuminating Company, filed an appearance indicating that they were a co-plaintiff in the case. The United Illuminating Company was never joined as a plaintiff in the case. Connecticut GeneralStatutes §§ 52-101, 52-102, 52-102a. The parties acknowledge that the United Illuminating Company is an electric company as defined in Connecticut General Statutes § 16-262f. The United Illuminating Company filed a motion requesting that the receiver, Collect Associates, pay to the United Illuminating Company directly amounts for electric services rendered from any and all rents or payments collected pursuant to the receivership petition of Bridgeport Hydraulic Company. In support of that motion the United Illuminating Company filed a memorandum seeking to collect $6,094.40 arrears for multiple properties located on Chestnut Street and Lexington Avenue in Bridgeport. The plaintiff, Bridgeport Hydraulic Company, objects to the payment of arrears to the United Illuminating Company. The plaintiff, Bridgeport Hydraulic Company, does not object to the payment of the current electric bills on the subject premises by the receiver to the United Illuminating Company.
DISCUSSION OF LAW
 Connecticut General Statutes § 16-262f establishes a statutory proceeding in derogation of common law. It provides that an electric and/or water company has the right to petition the court for the appointment of a receiver of rents. This is the statutory security given to utility companies for payment since multiple family house utility services can not be terminated if the owner is billed. The receivership statute provides that "such company or municipal utility may petition the superior court or a judge thereof, for appointment of a receiver of the rents or payments for use and occupancy for any dwelling for which the owner, agent, lessor or manager is in default". Connecticut General Statutes § 16-262f(a). "Such company" is the plaintiff, Bridgeport Hydraulic Company. Upon appointment the receiver is under an obligation by statute to only make certain payments. "The receiver shall pay the petitioner or other supplier, from such rents or payments for use and occupancy, for electric, gas, telephone, water or heating oil supplied on or after the date of his appointment."Connecticut General Statutes § 16-262f(a). Thus the receiver is CT Page 1267-YY authorized to pay to Bridgeport Hydraulic Company current services for water supplied to the premises. By the same statute the United Illuminating Company, as a supplier of electric services, is entitled to receive its current services supplied on or after the date of the appointment of the receiver directly from the receiver.
The statute further provides: "Any moneys from rental payments or payments for use and occupancy remaining after payment for current electric, gas, telephone and water service or heating oil deliveries, and after payment for reasonable costs and fees to the receiver, and after payment to the petitioner for reasonable attorney's fees and costs, shall be applied to any arrearage found by the court to be due and owing the company or municipal utility from the owner, agent, lessor or manager for service provided such building. Any moneys remaining thereafter shall be turned over to the owner, agent, lessor or manager. The court may order an accounting to be made at such times as it determines to be just, reasonable and necessary." Connecticut General Statutes § 16-262f(a).
The statute is to be strictly interpreted and the normal discretion granted to the Superior Court in receivership actions has been removed by statute. Connecticut Light Power Companyv. DaSilva, 231 Conn. 441, 445 (1994).
The issue in this case is whether the statute in question,Connecticut General Statutes § 16-262f, authorizes the payment to a non petitioning utility company arrears for utility bills. The court's task is to ascertain and give effect to the apparent intent of the legislature. State v. Kozlowski, 199 Conn. 667,673 (1986); Hayes v. Smith, 194 Conn. 52, 57 (1984). "In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." HUD/Barbour-Waverly v. Wilson, 235 Conn. 650,656 (1995).
"As with any issue of statutory interpretation, our initial guide is the language of the statute itself." Frillici v.Westport, 231 Conn. 418, 431-432 (1994). "Where the meaning of a statute is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. Its unequivocal CT Page 1267-ZZ meaning is not subject to modification by way of construction."Grievance Committee v. Tarantolo, 192 Conn. 15, 22 (1984); Statev. Felder, 39 Conn. App. 840, 844 (1996).
The court, after examining the statute, its purpose, the legislative scheme and the 1994 Supreme Court decision ofConnecticut Light and Power Company v. DaSilva concludes that the plain meaning or the statute controls the issue in this case.
CONCLUSION OF LAW
The statute indicates that the moneys collected by the receiver shall disbursed to: (1) the current water bills servicing the premises on or after the date of the appointment of the receiver; (2) the current services for electrical or other utilities provided to the premises; (3) payment of the receiver's fees and costs; (4) payment of petitioner's attorneys fees, and costs; (5) arrears to the petitioner, and (6) the remaining money to the owner. There appears to be no authority that any arrears due any other service provider can be paid by the receiver. The Supreme Court has indicated in theConnecticut Light and Power v. DaSilva that the statute is to be strictly and narrowly construed.
The United Illuminating Company cites Metropolitan Districtv. Housing Authority of the City of Hartford, 12 Conn. App. 499,505 (1987) for the proposition that the receiver is authorized to pay arrears to the United Illuminating Company even though they were not the petitioner in the statutory proceeding. InMetropolitan District, the plaintiff was the petitioner and was a provider of water and sewer service. Metropolitan District
stands for the proposition that sewer services, although not itemized by statute, were a proper utility bill and can be paid by the receiver. It does not stand for the proposition that arrears due to a non petitioning utility company can be paid by the receiver in the statutory action under Connecticut GeneralStatutes § 16-262f.
Therefore this court concludes that the United Illuminating Company is not entitled to payments for arrears for utility services in accordance with Connecticut General Statute§ 16-262f(a).
The application for the appointment of receiver of rents CT Page 1267-AAA dealt with the real property located at 104-40 Chestnut Street, Bridgeport. The receiver of rents is only ordered to collect rent and/or use and occupancy from that particular building. Therefore this court orders that the receiver of rents disburse to the United Illuminating Company the electrical services provided to 104-40 Chestnut Street, Bridgeport, Connecticut and billed to Colonial Garden Condominium Associates, Inc. by the United Illuminating Company from and after November 13, 1995. The court orders that no payments be made by the receiver to the United Illuminating Company for any other property other than set forth in this order or any arrears owed by Colonial Garden Association, Inc. to the United Illuminating Company.
BY THE COURT, KEVIN TIERNEY, JUDGE