[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On October 18, 1995, Keith McKay entered into a Settlement CT Page 3745 Agreement and Release with Aetna Casualty Insurance Company to pay to him certain annuity payments. Under the terms of that Agreement, Aetna agreed to pay McKay $275,000 in a structured settlement as follows:
 $175,000 lump sum payment and sixteen future payments commencing in March of 1999.
The Agreement provided that the periodic payments "cannot be accelerated, deferred, increased or decreased by the claimant; nor shall the claimant have the power to sell, mortgage, encumber, or anticipate the periodic payments, or any part thereof, by assignment or otherwise." Agreement, Section 3.0.
Notwithstanding the prohibitions against assignments contained in the settlement, McKay commenced this action under the Connecticut Declaratory Judgment Statute for approval of an assignment.
The Plaintiff, McKay, a Connecticut resident, seeks a declaratory judgment approving the sale to Ann C. Ritson of the annuity payments to which he is entitled pursuant to the annuity which was purchased on his behalf on October 18, 1995.
In October of 1998, Aetna merged with Travelers Property Casualty Insurance Company and the Settlement Agreement was transferred and/or assigned to Travelers Property Casualty Insurance Company.
There is evidence that the Plaintiff is presently indigent. He claims to need the proceeds of the contemplated sale to effectuate a move to Georgia where his grandmother resides and where the cost of living would be lower. Plaintiff has tried to get pricing from funding companies and none are interested because the payments to be sold are too far in the future.
 DISCUSSION
On June 8, 1998, the General Assembly passed Public Act 98-238, which became effective October 1, 1998. In pertinent part, that Act provided:
 No transfer of structured settlement payment rights, either directly or indirectly, shall be effective by any payee domiciled in this state or by any payee entitled to receive CT Page 3746 payments under a structured settlement funded by an insurance contract issued by an insurer domiciled in this state or owned by an insurer or corporation domiciled in this state and no structured settlement obligation or annuity issuer shall be required to make any payment directly or indirectly to any transferee of any such transfer unless . . . (2) such transfer has been approved by a court pursuant to subsection (c) of this section.
The above-referenced subsection (c) provides:
 Prior to any transfer, the payee entitled to receive payments under such structured settlement shall commence a declaratory judgment action under § 52-29 of the General Statutes, for determination as to whether the transfer of such structured settlement payment rights is in the best interest of the payee and is fair and reasonable to all interested parties under all the circumstances then existing. . . . If the court determines, after hearing, that such transfer should be allowed, it shall approve such transfer upon such terms and conditions as it deems appropriate.
To date there have been several Superior Court decisions which have wrestled with the question of whether or not Public Act 98-238 allows the transfer of a structured settlement upon court approval notwithstanding the existence of a contractual prohibition against assignment.
For purposes of this opinion, the Court regards it as sufficient to briefly review the trial court opinions in Rumbinv. Utica Mutual Insurance Company, Sup. Ct. J.D. of Ansonia Milford at Milford, Docket No. 064719 (March 2, 1999, Flynn, J.) (24 Conn. Law Rptr. 234), and Connie Bobbitt v. Safeco AssignedBenefit Services Company et al., Sup. Ct. J.D. of Hartford, Docket No. CV 99 0588205 S (August 24, 1999; Berger, J.). TheRumbin court was persuaded that Public Act 98-238 was applicable and approved the plaintiffs proposed assignment notwithstanding a contractual prohibition.
The Bobbit Court reached the opposite result.
Rumbin was appealed to the Appellate Court and transferred to the State Supreme Court. The case was argued on January 11, 2000 but no decision has been released as of this date. It appears that Bobbitt has not been appealed. CT Page 3747
The Statement of Issues on the Rumbin appeal as set forth in the Appellant's Brief, reads as follows:
 I. Whether the Court improperly construed General Statutes § 52-225f to abrogate common law contract rights.
 II. Whether the Court interpreted and applied General Statutes § 52-225f in such a way as to impair Safeco's contractual rights in violation of the United States Constitution.[1].
The J.G. Wentworth Company was an intervening plaintiff in theRumbin appeal. Wentworth's preliminary counter statement of the issues read as follows:
 1. Did the trial court (Flynn, J.) correctly rule, based upon factual findings made after an evidentiary hearing, that the transfer of the structured settlement payment rights in the present case was in the best interest of the plaintiff, and the terms of the transfer were fair and reasonable to all interested parties under all the factual circumstances existing?
 2. Did the trial court (Flynn, J) correctly rule, based upon factual findings after an evidentiary hearing, that there was no substantial impairment of any contract right of either of the defendants?
 3. Did the trial court (Flynn, J.) correctly rule that Public Act 98-238 is applicable to the present case? Does C.G.S. § 42a-9-318 mandate that a plaintiff's right to receive periodic payments pursuant to a structured settlement agreement is freely assignable notwithstanding an anti-assignment provision in the settlement agreement to the contrary?
In the matter before the court, the only objection to the proposed sale is from Travelers Casualty Surety Company as a successor in interest to Aetna. Counsel for Travelers candidly admitted at argument on the matter that Travelers' interest is in preserving its contractual rights prohibiting assignment. Travelers has no interest or position on the fairness of the CT Page 3748 particular assignment involved.
For the purpose of this opinion, the Court finds that the plaintiff is indigent and that his girlfriend recently gave birth to their child who is three months old. It further finds that the plaintiff has a grandmother who lives in Georgia and that it is his intention to move with his girlfriend and child to Georgia where the cost of living is much lower and where his grandmother has offered to let him live with her as long they need her help in getting settled. The plaintiff needs the proceeds of the contemplated sale to effectuate the move to Georgia and to get reestablished and to provide for his family. The plaintiff has tried to get pricing from funding companies but none are interested because the payments to be sold are too far in the future. Finally, the plaintiff has received a written disclosure statement that complies with Public Act 98-238, Section 1, 10(b) (a) A-F at least ten days prior to entering into the Transfer Agreement with Ann C. Ritson.
Based upon the facts found, the Court determines that the transfer of the structured settlement is in the "best interest of the payee and is fair and reasonable to all interested parties under the circumstances then existing."
However, the defendants argue that Public Act 98-238 does not authorize transactions where the parties' settlement agreement prohibits assignments or transfers. The Court agrees with the defendants. The defendants assert that the language of the Act does not clearly express a legislative intent that the Act operates so as to abrogate the defendant's contractual right to prohibit assignments.
"It is an established rule of statutory construction that statutes are not readily interpreted as abrogating common law rights. . . . It is also a rule of statutory construction that statutes in derogation of the common law are to be strictly construed. . . . No statute is to be construed as altering common law, farther than its words import." [citations omitted, internal quotation marks omitted]. State v. Nugent, 199 Conn. 537, 548
(1986).
Public Act 98-238 makes no mention of contractual non-assignment provisions. The Act does not provide that any structured settlement may be transferred so long as approval of the Court is obtained. Rather, the Act simply states that no CT Page 3749 transfer will be effective unless the Court approves. It is not unreasonable to read the language of Public Act 98-238 as doing no more than imposing a requirement of court approval upon proposed assignments of structured settlements when such assignments are otherwise allowed. Because the language of Public Act 98-238 is not unclear, there is no need to look beyond the Act's plain language or to apply rules of statutory construction.Ross v. Freedom of Information Commission, 221 Conn. 217, 225
(1992).
Mindful of the pending Supreme Court decision in Rumbin, this Court respectfully declines to follow the analysis in the trial court opinion in Rumbin. This Court finds the opinion in Bobbitt
to be more persuasive.
Rumbin admittedly makes a strong case for the proposition that in passing Public Act 98-238 the Legislature was aware of the fact that a great number of structured settlements where non-assignable by their terms.
Rumbin makes a strong argument that unless Public Act 98-238 allows the assignment of otherwise non-assignable structured settlements, the Act serves little purpose. However, this Court may not by construction substitute "its own ideas of what might be a wise provision in place of a clear expression of legislative will." HUD/Barbour-Waverley v. Wilson, 235 Conn. 650, 659 (1995).
The United States Constitution in Article I, Section 10 provides, "No state shall . . . make any . . . law impairing the obligation of contracts. . . ." If this Court is willing to read Public Act 98-238 as impliedly allowing the assignment of structured settlements which are contractually non-assignable, then the Court must squarely face the question of whether such action by the Connecticut Legislature impairs the obligation of contracts in violation of the United States Constitution. Since the legislature has not included any language in the Public Act which clearly set forth its intention to overrule non-assignment provisions, the Court sees no reason to read into the Act a potential constitutional conflict. This is particularly true since this constitutional conflict has already been argued, although not yet decided, in our Supreme Court.
The Court finds that the assignment of Keith McKay's structured settlement is specifically prohibited by contract and accordingly the Court declines to enter a Declaratory Judgment allowing the CT Page 3750 assignment.
By,
Kevin E. Booth, J.