[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPORTIONMENT DEFENDANT'S MOTIONS TO DISMISS
This matter comes before the court on the apportionment defendant's two motions to dismiss. First, the apportionment defendant, Door Control, Inc. (Door Control), moves to dismiss the apportionment complaint (#136) filed by the third party defendant and apportionment plaintiff, LTC Construction, Co., Inc. (LTC). Door Control moves to dismiss on the ground that service of the apportionment complaint was untimely pursuant to General Statutes § 52-102b and, therefore, the court lacks subject matter jurisdiction. Additionally, Door Control moves to dismiss count eight of the third amended complaint (#147) filed by the plaintiff, E. Grace Cooksley, on the ground that it is derivative of the apportionment complaint and, similarly, the court lacks subject matter jurisdiction. For the reasons stated below, the apportionment defendant's motions to dismiss are granted.
 I. BACKGROUND
The plaintiff commenced a personal injury action against three CT Page 4845 defendants, the city of New Britain (the city), Michael Karwin and Sean Hills, with a return date of November 16, 1999. On March 7, 2000, the city filed a third party complaint sounding in negligence against LTC with a return date of March 21, 2000. LTC subsequently filed an apportionment complaint (#134) sounding in negligence against Door Control, which was served on June 27, 2000. On August 23, 2000, the plaintiff filed a third amended complaint that added an eighth count alleging negligence against Door Control.
Door Control filed a motion to dismiss LTC's apportionment complaint on July 18, 2000, and a motion to dismiss count eight of the plaintiff's third amended complaint on August 25, 2000. Each of these motions was accompanied by a supporting memorandum of law. LTC filed a timely memorandum in opposition. While the plaintiff did not file a memorandum in opposition, her counsel appeared at argument and stated that the two motions were inter-related. The court heard oral arguments at short calendar on December 18, 2000, and now issues this memorandum of decision.
 II. STANDARD OF REVIEW
"A motion to dismiss . . . properly attacks the jurisdiction of the court. . . ." (Internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991); see also Practice Book §10-30. This includes a "motion to dismiss . . . used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Gurliacci v.Mayer, supra, 542.
 III. DISCUSSION A.
In support of the motion to dismiss the apportionment complaint, Door Control argues that LTC failed to comply with § 52-102b in that it failed to serve its apportionment complaint within 120 days of the return date specified in the plaintiff's original complaint. According to Door Control, and as reflected in the court's file, the plaintiff's original complaint has a return date of November 16, 1999, and LTC served the apportionment complaint on June 27, 2000. Door Control contends, therefore, that the apportionment complaint was served well beyond the 120 day time limit and, therefore, the court lacks subject matter jurisdiction. CT Page 4846
In opposition, LTC argues that Door Control refers to the wrong complaint in its analysis. LTC argues that when the original complaint was filed, LTC was not a party to the suit and only became a party when the city filed a third party complaint against it, which was served on March 1, 2000, with a return date of March 21, 2000. According to LTC, the apportionment complaint served on Door Control on June 27, 2000, was well within the time limit provided by § 52-102b (a) when calculated according to the return date on the third party complaint. Finally, LTC argues that, in reference to third party complaints, General Statutes § 52-102a (b) states in part that the "writ, summons and complaint so served shall be equivalent in all respects to an original writ, summons and complaint and the person upon whom it is served, hereinafter called the third party defendant, shall have available to him all remedies available to an original defendant. . . ."
It is undisputed that LTC filed the apportionment complaint pursuant to § 52-102b.[1] Section 52-102b (a) provides in part that "[a] defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint shall be served within one hundred and twenty days of the return date specified in the plaintiff'soriginal complaint." (Emphasis added.)
"There is no Connecticut Supreme or Appellate Court decision addressing the jurisdictional nature of the 120-day rule found in General Statutes § 52-102b." Tricon International Ltd. v. United Construction, Inc., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 153502 (November 28, 2000, McWeeny, J.). However, "[a]s a statutorily enacted period of limitation, the one hundred and twenty day period from the filing of the original complaint for filing the apportionment complaint has been strictly applied." Burban v. Hall Neighborhood House,Inc., Superior Court, judicial district of Fairfield, Docket No. 352398 (May 6, 1999, Skolnick, J.); see Precision Electronic Assembly v.Goodman, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 063451 (July 5, 2000, Arnold, J.). "[T]he majority of trial courts have ruled that the § 52-102b 120 day time period is jurisdictional [and] mandatory"; Tricon International Ltd. v. UnitedConstruction, Inc., supra, Superior Court, Docket No. 153502; and "may, therefore, be attacked through a motion to dismiss." Tine v. Baker, Superior Court, judicial district of New London at Norwich, Docket No. 116645 (March 27, 2000, Hurley, J.). See Wheaton v. Boothroyd, Superior Court, judicial district of Tolland at Rockville, Docket No. 70976 CT Page 4847 (October 3, 2000, Sferrazza, J.); Ortiz v. Bridgeport Hospital, Superior Court, judicial district of New London at New London, Docket No. 547104 (February 24, 2000, Corradino, J.); see also Burke v. Gibson Associates,Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 412164 (May 12, 1999, Jones, J.) (dismissing an untimely apportionment complaint because the failure to comply with the time limitation in § 52-102b (a) deprived the court of subject matter jurisdiction, recognizing that a majority of the superior courts strictly apply the statute); McDuff v. Tamborlane, Superior Court, judicial district of New London, Docket No. 540767 (June 23, 1998, Martin, J.) (22 Conn.L.Rptr. 364, 365) (dismissing the apportionment complaint filed 135 days after the original complaint's return date); but see Ketchalev. Unger, Superior Court, judicial district of New Haven, Docket No. 396218 (July 15, 1998, Levin, J.) (holding that the 120 day time limit is not mandatory or jurisdictional).
"As with any issue of statutory interpretation, our initial guide is the language of the statute itself." Burke v. Gibson Associates, Inc., supra, Superior Court, Docket No. 412164. "General Statutes § 52-102b
is clear and unambiguous." Paul v. McPhee Electrical Contractors,46 Conn. App. 18, 21-22, 698 A.2d 354 (1997). "Where statutory language is clearly expressed, as here, courts must apply the legislative enactment according to the plain terms and cannot read into the terms of a statute something which manifestly is not there in order to reach what the court thinks would be a just result." (Internal quotation marks omitted.) Id., quoting Johnson v. Manson, 196 Conn. 309, 315, 493 A.2d 846
(1985), cert. denied, 474 U.S. 1063, 106 S.Ct. 813, 88 L.Ed.2d 787
(1986). "Furthermore, [w]hen a statute is in derogation of common law or creates a [right] where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of [statutory] construction." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 379-80, 698 A.2d 859 (1997). "Adjudicators may not substitute their own ideas of what might have been a wise provision by engrafting exceptions that the legislature did not actually enact;Barrett Builders v. Millers, 215 Conn. 316, 328, 576 A.2d 455 (1990); nor may they engraft language onto legislation. Zapata v. Burns, 207 Conn. 496,503-04, 542 A.2d 700 (1988)." Hill v. Pathmark, Superior Court, judicial district of Waterbury, Docket No. 129120 (February 11, 1997, Gill, J.). Finally, it is important to note that "[a] statute which provides that a thing shall be done in a certain way carries with it an implicit prohibition against doing that thing in any other way." (Internal quotation marks omitted.) HUD/Barbour-Waverly v. Wilson, 235 Conn. 650,657, 668 A.2d 1309 (1995).
The court is unpersuaded by LTC's argument that, for the purpose of CT Page 4848 determining the proper 120 day time period, the court should refer to the return date of the apportionment complaint rather than the original complaint, as clearly stated in the statute. LTC's argument offers no statutory language, no legislative history and no case law in support thereof. Our superior courts have rejected arguments advancing a liberal interpretation of the statute. See Boddell v. Schmidt, Superior Court, judicial district of Fairfield, Docket No. 351664 (February 10, 1999,Skolnick, J.) (striking apportionment complaint served 120 days after the original complaint's return date, rejecting an argument that the statute creates a four month rule); Hill v. Pathmark Stores, Inc., supra, Superior Court, Docket No. 129120 (rejecting apportionment plaintiff's argument that § 52-102b is the sole means for adding a party for apportionment only if the apportionment defendant is being brought in solely for that purpose).
The court considered a similar issue in Bednaz v. Svindland, Superior Court, judicial district of New Haven at New Haven, Docket No. 425935 (June 12, 2000, Alander, J.). There, the court examined the time frame during which an apportionment defendant may bring an apportionment complaint against a third party. The third party against whom the apportionment defendant filed the claim moved to dismiss on the ground that, inter alia, the apportionment complaint was filed more than 120 days after the return date specified in the plaintiff's original complaint. The apportionment defendant who filed the apportionment claim argued "that the appropriate time period for service of her apportionment complaint [was] within [120] days of . . . the date the amended complaint was served upon her by the plaintiff. She argues that she was not a defendant in the action with the right to serve an apportionment complaint until [that time]." Id.
The court found that § 52-102b "unambiguously states that an apportionment complaint shall be served within [120] days of the return date specified in the plaintiff's original complaint." (Emphasis in original; internal quotation marks omitted.) Id. The court explained that "[w]here . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. In such cases, the time limitation is not to be treated as an ordinary statute of limitations, but rather is a limitation on the liability itself. . . ." (Internal quotation marks omitted.) Id., quoting Ecker v.West Hartford, 205 Conn. 219, 231-32, 530 A.2d 1056 (1987); see alsoAmbroise v. William Raveis Real Estate, Inc., 226 Conn. 757, 766-67,628 A.2d 1303 (1993). The court noted that the apportionment defendant cited no language in the statute, no legislative history and no case law to support the argument that she may serve an apportionment complaint within 120 days of the return date of the plaintiff's amended complaint. CT Page 4849 See id. Finally, the court held that, because the right to apportion is created in § 52-102b, the right exists only within the time frame recognized therein. See id. The court declared that it was "not at liberty to extend, modify or enlarge its scope through the mechanics of construction." Id. Accordingly, the court dismissed the apportionment complaint on the ground that it was untimely and, as a result, the court lacked subject matter jurisdiction. See id.
Similarly, in the present case, LTC seeks a liberal interpretation of § 52-102b by asking the court to disregard the plain language requiring that the 120 day time limit be calculated from the return date of the plaintiff's original complaint, and substitute the defendant's third party complaint. Likewise, LTC argues that this is the proper pleading from which to calculate the time period because it was not a party to the action until then. LTC fails to cite authority to support this interpretation. Absent statutory language, legislative intent or case law to the contrary, the court finds that the statute clearly mandates that the apportionment complaint be served within 120 days of the plaintiff's original complaint.
LTC was brought into the present action by a third party complaint served on March 1, 2000, 105 days after the return date of the original complaint, November 16, 1999. LTC had fifteen days to serve an apportionment complaint. On June 27, 2000, LTC served Door Control with the apportionment complaint, 224 days after the return date in the plaintiff's original complaint. As a result, LTC failed to comply with the 120 day time limitation, and cannot avail itself of the statutory remedy. See Precision Electronics Assembly v. Goodman, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 063451 (July 5, 2000, Arnold, J.); Witkin v. Schettino, Superior Court, judicial district of Stamford, Docket No. 149015 (April 1, 1997, D'Andrea, J.);Stroud v. Pfeffer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804 (April 1, 1996, Ballen, J.).
Finally, LTC argues that it should be able to file its apportionment complaint within 120 days of the return date on the third party complaint because, in reference to third party complaints, General Statutes §52-102a (b) states in part that the "writ, summons and complaint so served shall be equivalent in all respects to an original writ, summons and complaint and the person upon whom it is served, hereinafter called the third party defendant, shall have available to him all remedies available to an original defendant. . . ." The court notes that the remainder of the sentence in § 52-102a (b), quoted by LTC, reads: "including the right to assert set-offs or counterclaims against the third-party plaintiff, and shall be entitled to file cross-complaints against any other third-party defendant." It is the court's opinion that CT Page 4850 the legislature provided these examples to illustrate the intended third party remedies. The court is unpersuaded that this language can be used to alter the plain language of § 52-102b establishing a time period within which a third party defendant must serve an apportionment complaint. Accordingly, Door Control's motion to strike LTC's apportionment complaint is hereby granted.
 B.
Door Control also moves to strike count eight of the plaintiff's third amended complaint. On August 23, 2000, the plaintiff filed the third amended complaint alleging negligence against Door Control (count eight) in response to the apportionment complaint. The complaint was filed "pursuant to the authority of § 52-102b (d) which permits a plaintiff to assert a claim against an apportionment defendant within sixty days of the return date of the apportionment complaint, despite the expiration of the applicable statute of limitations." Bednaz v. Svindland, supra, Superior Court, Docket No. 425935.
In light of the foregoing, the court lacks subject matter jurisdiction over Door Control with respect to the apportionment complaint served by LTC. Since the plaintiff's right to serve count eight of the amended complaint depended solely on LTC's right to serve the apportionment complaint, the court similarly lacks jurisdiction over the amended complaint to the extent it asserts claims against Door Control. See id. Furthermore, pursuant to the dismissal of the apportionment complaint against Door Control, there is no apportionment compliant against Door Control in this action, and therefore, § 52-102b (d) does not apply. See Allard v. Liberty Oil Equipment Co., Superior Court, judicial district of Hartford, Docket No. 562255 (March 7, 1997, Lavine, J.) (9 Conn.L.Rptr. 221), affirmed on other grounds, 253 Conn. 787 (2000). Accordingly, Door Control's motion to dismiss count eight is hereby granted.
 IV. CONCLUSION
The apportionment defendant, LTC, filed an untimely apportionment complaint pursuant to § 52-102b (a). As a result, the court lacks subject matter jurisdiction over the claim. Additionally, the court lacks jurisdiction over count eight of the third amended complaint filed by the plaintiff, Cooksley, because the claim is derivative of the apportionment claim and was filed pursuant to § 52-102b (d), which no longer applies. Accordingly, the apportionment defendant's motions to dismiss the apportionment complaint and count eight of the third amended complaint are granted. It is so ordered. CT Page 4851
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT