******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

THREE DEER ASSOCIATES LIMITED
PARTNERSHIP *v.* DENETTE
JOHNSON ET AL.
(AC 46343)

Moll, Clark and Seeley, Js.

*Syllabus*

The plaintiff landlord sought, by way of a summary process action, to recover
possession of certain real property that had been leased to the defendant
J. The parties thereafter entered into a stipulated summary process
agreement, which provided that a judgment of possession would be
rendered for the plaintiff, subject to a stay of execution and a use
and occupancy fee. The agreement further provided that the stay of
execution was final and that J agreed not to reopen, appeal, or request
any further stay of execution. The trial court rendered judgment in
accordance with the agreement. J subsequently filed a motion to open
the judgment, seeking an extension of the stay of execution, which the
trial court denied on the grounds that, inter alia, the parties had entered
into the agreement with the assistance of a housing court specialist,
the parties understood the terms of the voluntary agreement, and J had
affirmed that she would not seek, inter alia, further extensions of time
or motions to open. J then filed a second motion to open the judgment,
again seeking an extension of the stay to allow J to secure housing,
which the trial court denied on the same grounds as the first motion
to open. J appealed to this court, challenging, inter alia, the trial court's
denial of her second motion to open and claiming that the stipulated
summary process judgment should be vacated. *Held* that, on the basis
of its review of the record and having afforded every reasonable pre-
sumption in favor of the trial court's action, this court could not conclude
that the trial court acted unreasonably or in clear abuse of its discretion
when it denied the second motion to open the stipulated summary
process judgment; moreover, this court lacked subject matter jurisdic-
tion over that portion of J's appeal that challenged the stipulated sum-
mary process judgment, as J did not file her appeal within five days of
the underlying stipulated summary process judgment as required by
statute (§ 47a-35), and, accordingly, that portion of the appeal challeng-
ing the underlying stipulated summary process judgment was dismissed.

Argued November 16, 2023—officially released January 30, 2024

*Procedural History*

Summary process action, brought to the Superior
Court in the judicial district of Hartford, Housing Ses-
sion, where the parties entered into a stipulated agree-
ment granting possession to the plaintiff subject to a
stay of execution and payment by the defendants of a
reasonable use and occupancy fee; thereafter, the court,
*Esperance-Smith, J.*, rendered judgment in accordance
with the stipulated agreement; subsequently, the court
denied the named defendant's motion to open the stipu-
lated summary process judgment; thereafter, the court
denied the named defendant's second motion to open
the stipulated summary process judgment, and the
named defendant appealed to this court. *Appeal dis-
missed in part; affirmed.*

*DeNette Johnson*, self-represented, the appellant
(named defendant).

*Opinion*

PER CURIAM. The self-represented named defendant, DeNette Johnson (Johnson), appeals following the trial court's denial of her second motion to open a stipulated summary process judgment, rendered after she had entered into a stipulated agreement with the plaintiff, Three Deer Associates Limited Partnership, doing business as Deerfield Apartments,[1] in connection with a summary process action commenced by the plaintiff against Johnson and her son, the defendant Eric Johnson II.[2] On appeal, Johnson raises five claims, namely, that (1) the court improperly denied her second motion to open, (2) the court improperly failed to conduct an evidentiary hearing before acting on her second motion to open, (3) an evidentiary hearing should have been conducted to determine if she was compliant with General Statutes § 47a-39, (4) the court violated her due process rights by failing to hold an evidentiary hearing, and (5) the underlying stipulated judgment should be vacated. We affirm the judgment with respect to Johnson's first four claims relating to the denial of her motion to open and dismiss the appeal as it pertains to her fifth claim relating to the stipulated summary process judgment.

We briefly set forth the following relevant procedural history. In its summary process action, the plaintiff sought a judgment of possession of certain premises it had leased to Johnson pursuant to a one year written lease after Johnson had failed to pay the monthly rent due in September and October, 2022. The parties thereafter entered into a stipulated agreement, pursuant to which a judgment of possession would be rendered in favor of the plaintiff with a stay of execution through March 1, 2023, and Johnson would pay a fee of $1450 for reasonable use and occupancy. The stipulation further provides that the "stay of execution is a FINAL stay of execution. [Johnson] agree[s] not to reopen, appeal or request any further stay of execution. Judgment shall enter for Lapse of Time only and not due to any fault of [Johnson]." The stipulation was approved and signed by the court on February 7, 2023 (stipulated summary process judgment).

On March 1, 2023, Johnson filed a motion to open the stipulated summary process judgment, in which she asserted that she was "requesting an extension" and that she would pay $1450 on March 10, 2023, in order to be able to stay in the premises until April 1, 2023. The plaintiff objected to that request, arguing that it violated the specific terms of the stipulated judgment and that Johnson failed to satisfy the requirements of § 47a-39, which permits a court to grant a stay of execution of a judgment of possession if "the applicant cannot secure suitable premises" and "has used due diligence and reasonable effort to secure other premises . . . ." On March 6, 2023, the court denied the motion to open,

explaining: "The parties entered a stipulation on February 7, 2023, with the assistance of a housing court specialist. All parties affirmed that they understood the terms of the agreement and voluntarily entered into the agreement, which called for a final stay through March 1, 2023. The agreement also affirmed that [Johnson] will not file any extensions of time, motions to open, or motions to delay or extend execution. . . . [T]he stipulation was approved by the court."

On March 8, 2023, Johnson filed a second motion to open, in which she asserted that she was "actively looking for new housing," that she is a sixty-nine year old senior with limited mobility, and that she needed more time. On March 16, 2023, the court denied the second motion to open for the same reason it denied the first motion to open. Johnson thereafter filed this appeal on March 21, 2023, listing the March 16, 2023 denial of her second motion to open and the February 7, 2023 stipulated summary process judgment as the judgments being appealed.

We first set forth our standard of review. "It is well established that [t]he denial of a motion to open is an appealable final judgment. . . . This court does not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citation omitted; internal quotation marks omitted.) *Pizzoferrato* v. *Community Renewal Team, Inc.*, 211 Conn. App. 458, 464–65, 272 A.3d 1145 (2022).

The first four claims on appeal concern the court's denial of Johnson's second motion to open. On the basis of our review of the record in this case and affording every reasonable presumption in favor of the court's action, we cannot conclude that the court acted unreasonably or in clear abuse of its discretion when it denied the second motion to open the stipulated summary process judgment. Accordingly, we affirm the judgment with respect to the court's denial of Johnson's second motion to open.

Johnson's fifth claim on appeal challenges the underlying stipulated summary process judgment itself and seeks to have that judgment vacated. Pursuant to General Statutes § 47a-35, appeals from a summary process judgment must be taken within five days of the judgment. This court recently addressed this issue and stated: "Summary process is a special statutory procedure designed to provide an expeditious remedy. . . .

It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. . . . Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process must be narrowly construed and strictly followed. . . . The process is intended to be summary and is designed to provide an expeditious remedy to the landlord seeking possession. . . . *HUD/Barbour-Waverly* v. *Wilson*, 235 Conn. 650, 658, 668 A.2d 1309 (1995).

"In *HUD/Barbour-Waverly*, our Supreme Court examined the plain meaning of § 47a-35 and the legislative policy surrounding the enactment of the statute. . . . In that case, the court concluded that, [i]n light of the plain language of § 47a-35, the fact that the summary process statutes are in derogation of common law and the legislative policy in favor of the swift resolution of disputes between landlords and tenants regarding rights of possession, we conclude that an appeal pursuant to § 47a-35 must be brought within five days of the rendering of a summary process judgment." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Centrix Management Co., LLC* v. *Fosberg*, 218 Conn. App. 206, 212–13, 291 A.3d 185 (2023).

In the present case, Johnson did not file her appeal within five days of the underlying stipulated summary process judgment. Accordingly, this court lacks subject matter jurisdiction over that part of her appeal that challenges the stipulated summary process judgment itself,[3] and that portion of the appeal must be dismissed. See *HUD/Barbour-Waverly* v. *Wilson*, supra, 235 Conn. 655; see also *Ansonia Housing Authority* v. *Parks*, 211 Conn. App. 528, 529, 273 A.3d 245 (2022) (dismissing appeal from summary process judgment that was filed beyond five day period for lack of subject matter jurisdiction).

The appeal is dismissed with respect to the plaintiff's challenge to the stipulated summary process judgment; the judgment denying the motion to open is affirmed.

[1] As a result of the plaintiff's failure to file an appellee's brief on or before August 29, 2023, this court ordered "that the appeal shall be considered on the basis of [Johnson's] brief, and, if applicable, the appendix, the record, as defined by Practice Book [§] 60-4, and oral argument, if not waived by the appellant or the [c]ourt. Pursuant to Practice Book [§] 70-4, oral argument by the appellee will not be permitted."

[2] We note that, on appeal, Johnson attempts to raise claims on behalf of her son, arguing that she and her son signed the stipulated summary process agreement by mistake and under duress, and that they did not understand its terms. Because Johnson's son is not a party to this appeal, to the extent that Johnson has raised claims on behalf of her son in this appeal, they are not properly before this court. See *Collard & Roe, P.C.* v. *Klein*, 87 Conn. App. 337, 343–44 n.3, 865 A.2d 500, cert. denied, 274 Conn. 904, 876 A.2d 13 (2005).

[3] This court has subject matter jurisdiction over the remaining portion of the appeal because it was filed within the statutory appeal period following the denial of the motion to open. See *Atlantic St. Heritage Associates, LLC* v. *Bologna*, 204 Conn. App. 163, 170 and n.6, 252 A.3d 881 (2021); *Lopez* v.

*Livingston*, 53 Conn. App. 622, 623 n.1, 731 A.2d 335 (1999).

---