******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

## GAIL PIZZOFERRATO *v.* COMMUNITY RENEWAL TEAM, INC.
### (AC 43956)

Prescott, Moll and Pellegrino, Js.

*Syllabus*

The plaintiff sought to recover damages for personal injuries that she alleg-
edly sustained as a result of the defendant's negligence. The court
referred the case to arbitration pursuant to statute (§ 52-549u). Following
a hearing, the arbitrator issued a decision in favor of the defendant.
Electronic notice of the decision was provided to the parties' counsel
on that same day. Neither party filed a demand for a trial de novo within
twenty days of when electronic notice was sent. Because a demand for
a trial de novo was not filed within twenty days, the trial court rendered
judgment in accordance with the arbitrator's decision. Thereafter, the
court denied the plaintiff's motion to open and vacate the judgment,
and the plaintiff appealed to this court, claiming that the court improp-
erly denied her motion because the language of the applicable statute
(§ 52-549z) and rule of practice (§ 23-66) require that notice of an arbitra-
tor's decision be sent both electronically and by mail before it can
become a judgment of the court, and notice was not sent by mail in the
present case. *Held* that the trial court did not abuse its discretion in
denying the plaintiff's motion to open and vacate the judgment: § 52-
549z does not provide that notice of an arbitrator's decision must be
sent both electronically and by mail in order for the statutory twenty
day period to commence, § 52-549z was amended after the judicial
branch gave notice of its practice of sending only electronic notice of
an arbitrator's decision unless counsel obtain an exclusion from the
electronic services requirement, and Practice Book § 23-66 does not
preclude electronic service of an arbitrator's decision; moreover, it was
undisputed that both the plaintiff's and the defendant's counsel received
electronic notice of the decision, neither counsel obtained an exclusion
from the electronic services requirement, the plaintiff's counsel never
argued that he was unaware of the court's practice of sending only
electronic notice of the decision, and the case did not involve self-
represented parties; accordingly, notice did not need to be provided
by mail.

Argued January 6—officially released March 29, 2022

*Procedural History*

Action to recover damages for personal injuries sus-
tained as a result of the defendant's alleged negligence,
and for other relief, brought to the Superior Court in
the judicial district of Hartford and referred to *Jeffrey
V. Phelan*, arbitrator, who issued a decision for the
defendant; thereafter, the court, *Sheridan, J.*, rendered
judgment in favor of the defendant in accordance with
the arbitrator's decision; subsequently, the court, *Sheri-
dan, J.*, denied the plaintiff's motion to open and vacate
the judgment, and the plaintiff appealed to this court.
*Affirmed.*

*Steven J. Errante*, with whom, on the brief, was *Gar-
rett A. Denniston*, for the appellant (plaintiff).

*Meredith Ashley Hill*, for the appellee (defendant).

*Opinion*

PELLEGRINO, J. The plaintiff, Gail Pizzoferrato, appeals from the judgment of the trial court denying her motion to open and vacate the judgment of the court rendered in favor of the defendant, Community Renewal Team, Inc., in accordance with a decision of an arbitrator that resulted from court-annexed arbitration. On appeal, the plaintiff claims that the court improperly denied her motion because the language of both General Statutes § 52-549z[1] and Practice Book § 23-66[2] require that a decision of an arbitrator be sent to the parties both electronically and by mail before it can become a judgment of the court. Because notice of the arbitrator's decision was never sent to the parties or their counsel by mail in the present case, the plaintiff argues that the judgment of the court, rendered on the basis of the arbitrator's decision, should be vacated. We disagree and affirm the judgment of the court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. On November 29, 2016, the plaintiff allegedly fell and suffered several injuries while walking on a sidewalk owned and controlled by the defendant. The plaintiff instituted a negligence action against the defendant, which the court referred to arbitration pursuant to General Statutes § 52-549u. Following a hearing before the arbitrator, on October 29, 2019, the arbitrator issued a decision in favor of the defendant. Electronic notice of the arbitrator's decision was provided to the parties' counsel that same day. The electronic notice stated that the arbitrator's decision had been filed and informed the parties that it could be viewed in the case's electronic file. It also stated that "[s]elf-represented parties and attorneys who have an exemption from [the electronic services requirement] will continue to receive a copy of the decision, findings, or report by mail." Neither party filed a demand for a trial de novo within twenty days of when the electronic notice was sent. On December 19, 2019, because a demand for a trial de novo was not filed within twenty days, the trial court rendered judgment in accordance with the decision of the arbitrator.

On January 13, 2020, the plaintiff filed a motion to open and vacate the judgment of the court, claiming that she had failed to make a claim for a trial de novo, pursuant to § 52-549z and Practice Book § 23-66, because she had never received a copy of the arbitrator's decision by mail and, thus, "was not aware of the arbitrator's [decision] . . . ." The court denied the plaintiff's motion to open and vacate because "[t]he record clearly demonstrated that electronic notice of the filing of the arbitrator's decision was provided to the parties on October 29, 2019." This appeal followed.

On appeal, the plaintiff first claims that § 52-549z

provides that a demand for a trial de novo must be filed no later than twenty days after notice of the decision of an arbitrator has been sent to the parties electronically or deposited in the United States mail, *whichever is later*, meaning that notice must be sent both electronically and by mail before the twenty day period for filing a demand for a trial de novo begins. The plaintiff further argues that her interpretation of § 52-549z is "bolstered by the inclusion [in the statute] of the phrase *in accordance with the rules of [the] court*" (emphasis in original); see General Statutes § 52-549z (d); which she contends refers to Practice Book § 23-66, under which she argues notice must be sent by mail. We do not agree that notice of the arbitrator's decision must be sent both electronically and by mail in order for the twenty day period to commence.

We begin by setting forth the applicable standard of review. "[B]ecause this case presents an issue of statutory construction . . . [w]ell settled principles of statutory interpretation govern our review. . . . Because statutory interpretation is a question of law, our review is de novo. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *Planning & Zoning Commission* v. *Freedom of Information Commission*, 316 Conn. 1, 9, 110 A.3d 419 (2015).

We turn now to the relevant language of § 52-549z: "(a) A decision of the arbitrator shall become a judgment of the court if no appeal from the arbitrator's decision by way of a demand for a trial de novo is filed . . . (d) . . . with the court clerk not later than twenty days after the date on which (1) notice of the arbitrator's decision is sent electronically to the parties or their counsel, *or* (2) the arbitrator's decision is deposited in the United States mail, whichever is later, and shall include a certification that a copy thereof has been served on each party or counsel of record, to be accomplished in accordance with the rules of the court. . . ." (Emphasis added.) According to the plaintiff, § 52-549z requires that notice of an arbitrator's decision be sent both electronically and by mail. We disagree because there is no language in § 52-549z that dictates that notice must be sent both electronically and by mail. Section 52-549z merely recognizes that notice may be sent by two possible methods and then dictates how the twenty

day period is to be calculated with respect to each method. The phrase "whichever is later," on which the plaintiff's argument hinges, is applicable only in circumstances in which notice is sent both electronically and by mail—something that did not occur in the present case. In the present case, electronic notice was sent to the plaintiff's counsel on October 29, 2019. Because notice was sent electronically and not by mail, the twenty day period for filing a demand for a trial de novo began on October 29, 2019.

This interpretation of § 52-549z is further supported by the fact that § 52-549z was amended in July, 2019; see Public Acts 2019, No. 19-64; after the Judicial Branch, in 2018, gave notice of the new Superior Court practice of sending only electronic notice of an arbitrator's decision to counsel of record unless counsel has obtained an exclusion from the electronic services requirement. See Connecticut Judicial Branch, Superior Court Notices, June 6, 2018, available at https://jud.ct.gov/ superiorcourt (last visited March 18, 2022). Thus, as a practical matter, there may be cases involving a self-represented party or an attorney who has obtained an obtained an exclusion from the electronic services requirement in which notice of the arbitrator's decision is sent both electronically and by mail.

Practice Book § 23-66, on which the plaintiff relies, has not been updated since 2003. Although § 23-66 discusses instances in which notice of the arbitrator's decision has been mailed, it does not preclude electronic service of the arbitrator's decision or govern the calculation of the twenty day period when notice has been given electronically or in cases involving both methods of giving notice. In the present case, it is undisputed that (1) both the plaintiff's and the defendant's counsel received notice electronically, (2) neither counsel had obtained an exclusion from the electronic services requirement, and (3) the case did not involve any self-represented parties. Thus, notice of the arbitrator's decision did not need to be provided by mail under the circumstances of this case.[3]

Having determined that notice was properly provided to the parties, we now turn to the plaintiff's claim that the court abused its discretion by denying her motion to open and vacate the judgment rendered in accordance with the decision of the arbitrator. We first set forth our applicable standard of review. It is well established that "[t]he denial of a motion to open is an appealable final judgment." (Internal quotation marks omitted.) *Worth* v. *Korta*, 132 Conn. App. 154, 158, 31 A.3d 804 (2011), cert. denied, 304 Conn. 905, 38 A.3d 1201 (2012). This court does not "undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court

has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did.'' (Internal quotation marks omitted.) *Veneziano* v. *Veneziano*, 205 Conn. App. 718, 732, 259 A.3d 28 (2021).

In the present case, it is undisputed that the plaintiff's counsel received electronic notice of the arbitrator's decision on October 29, 2019. Furthermore, the plaintiff's counsel never argued that he was unaware of the Superior Court's practice, effective June 1, 2018, of sending only electronic notice of an arbitrator's decision to counsel of record. Notwithstanding these undisputed facts, the plaintiff failed to file a demand for a trial de novo within the twenty day period set forth by § 52-549z. We conclude, therefore, that the trial court did not abuse its discretion by denying the plaintiff's motion to open and vacate the judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 52-549z provides in relevant part: "(a) A decision of the arbitrator shall become a judgment of the court if no appeal from the arbitrator's decision by way of a demand for a trial de novo is filed . . . .

(d) An appeal by way of a demand for a trial de novo shall be filed with the court clerk not later than twenty days after the date on which (1) notice of the arbitrator's decision is sent electronically to the parties or their counsel, or (2) the arbitrator's decision is deposited in the United States mail, whichever is later, and shall include a certification that a copy thereof has been served on each party or counsel of record, to be accomplished in accordance with the rules of the court. . . ."

[2] Practice Book § 23-66 provides in relevant part: "(a) A decision of the arbitrator shall become a judgment of the court if no claim for a trial de novo is filed . . . .

(c) A claim for a trial de novo must be filed with the court clerk within twenty days after the deposit of the arbitrator's decision in the United States mail, as evidenced by the postmark. . . ."

[3] We encourage the Rules Committee of the Superior Court to consider amending the language of Practice Book § 23-66 to correspond to both the amendments made to § 52-594z in 2019 and the current practice of giving notice under the now existing electronic services program.